### THE WASHTENAW.

(District Court, E. D. New York. July 11, 1908.)

1. ADMIRALTY—PLEADING—SUFFICIENCY OF ANSWERS TO INTERROGATORIES.

Answers by a claimant in admiralty to interrogatories in an amended libel demanding particulars in respect to allegations of fraud in the answer, stating certain of such particulars, and that as to the others claimant has no knowledge or information, but expects to prove the allegations from cross-examination of libelant's witnesses and from an examination of its books, are not subject to exception for insufficiency, especially where libelant resists a motion by claimant to be permitted to make such examination.

2. SAME—POWERS OF COURT—DISCOVERY.

A court of admiralty has powers as broad as those of a court of equity to compel the production of books and papers, and, if satisfied of the justice of the application, by affidavit or otherwise, may require such production on motion.

**3. ACCOUNT STATED—CONCLUSIVENESS—IMPEACHMENT FOR FRAUD.**

A stated account is not conclusive, but may be impeached for fraud.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Account Stated, §§ 50–56.]

**4. ADMIRALTY—RIGHT TO DISCOVERY.**

Where a suit in admiralty to recover on a contract for repairs made on a vessel and on an account for extras, in which the claimant alleges fraud, has been referred to a special commissioner to take proofs, the claimant is not entitled to an order on the libelant for the production of books and papers in advance of such hearing on which it may obtain such production on motion or by a subpœna duces tecum.

In Admiralty. On motion for order for production of books and papers and exception to answer.

White & Case (Charles J. Fay, of counsel), for libelant.

Sullivan & Cromwell (William J. Curtis and Henry H. Pierce, of counsel), for claimant.

CHATFIELD, District Judge. Two motions are before the court; one by the claimant for an order directing the libelant to permit the claimant to inspect the books, documents, and papers of the libelant, as to certain entries in its time books, material books, pay rolls, cash books, ledgers, etc., and the other by the libelant upon exceptions to the answers of the claimant to certain interrogatories annexed to the amended libel in the action. The second motion will be considered first.

The libelant has sued for work alleged to have been done under contract, and as extras, in the repair of a vessel called the Washtenaw. The libelant has claimed that it has furnished accounts to the claimant, and that these have been accepted, and that the amount claimed is due as the balance of an account stated. The claimant has answered, denying that the work was done, and further alleging fraud on the part of the libelant in obtaining the approval of the various accounts upon which the account stated is based. The libelant has thereupon demanded, through its interrogatories, particulars of the items claimed to be fraudulent, and with respect to which fraud is claimed. In answer to these interrogatories, the claimant has specified some allegations and has denied any knowledge or information as to the particulars of the other allegations, but has answered that it expects to prove these from cross-examination of the libelant's witnesses, and from an examination of the books and papers of the libelant, together with the testimony of experts as to the work done.

So far as the motion upon the exceptions to these interrogatories is concerned, it would seem that the motion should be denied. The claimant has stated its position and disclaimed knowledge or the possession of testimony further than that set forth, and by these disclaimers the claimant must be bound. It is impossible for the court to require the giving of particulars as to testimony concerning which the party swears that it has no knowledge, and, as to evidence to be obtained from libelant's books, the claimant cannot be compelled to set forth the details of what he seeks to find, when he states in his sworn answer that no information is at hand, and that he desires to get the information by this examination.

But this very situation, and the statement of the claimant that it has not such information, bear strongly upon the disposition of the other motion, and upon the position of the court with respect to the compelling· of the production of the books and papers required. It might be that an examination of these books and papers would enable the claimant to give further answers to the interrogatories, and, if an examination should now be ordered, the claimant might be compelled by this court, at a later date, to answer further. In this way the motion to sustain the exceptions to the answers already furnished could then be granted, but inasmuch as the libelant opposes such examination and demands further answers to its interrogatories, previous to that examination, it is considered by this court that the libelant's motion to have its exceptions sustained must be denied, and the answer allowed to stand as at present on file in the case.

As to the motion for discovery, a serious question has arisen at the outset. This application has been made upon affidavits and notice of motion. The situation is one where, in equity or with respect to an action at law, a bill for discovery might have been filed; but it is contended by the libelant that in admiralty this court has the power to compel the production of books and papers without resort to a separate action in equity, in the nature of a bill for discovery, and that the court has not only the right to but greater precedent for compelling the production of the books and papers upon motion even than when a similar question arises in an action in equity itself.

The libelant has cited the cases of The Alert (D. C.) 40 Fed. 836, The Epsilon, Fed. Cas. No. 4,506, 6 Ben. 378, 389, and The Hudson (D. C.) 15 Fed. 162, to show the authority of the admiralty court and its power to regulate its modes of proceeding and the practice in matters similar to that of discovery. The libelant has also cited the cases of The Voyageur De La Mer, 28 Fed. Cas. No. 17,025, and Havermeyers & Elder Sugar Refining Co. v. Compania Transatlantica Espanola (D. C.) 43 Fed. 90, and now calls attention to the case of Deslions v. La Compagnie Générale Transatlantique (Advance Sheets for June 15, 1908) 28 Sup. Ct. 664, 52 L. Ed. ——. In the first two cases referred to, Judge Sprague and Judge Brown seem to recognize the right to order production of books and papers in connection with compelling the answers to interrogatories, although the particular motion was in each case denied, and in the case of Deslions v. Compagnie Générale Transatlantique, the Supreme Court of the United States has approved of the exercise by the District Court judge, upon the original trial, of the authority to direct the production of books, and that the claimant should have attempted to give secondary evidence, and to have asked for relief for the contumacy of the libelants, if they intended to rely upon the argument that the books were not produced; but in this last case a subpœna duces tecum had been served as well. The language of Story's Equity Pleadings, §§ 551, 552, and 555, also sections 484, 485, and 1495, states the history of bills of discovery and the authority of an equity court with relation thereto, and justifies the determination that a court of equity might refuse to assist a court of admiralty, if the court of admiralty has the authority to order the production of the papers themselves, upon application to it upon affidavits.

It seems to this court that a court of admiralty has the power, upon being satisfied as to the justice of the application for discovery, to compel the production. The growth of the admiralty law out of the civil law, and the exclusive authority which the admiralty court has retained to itself, all bear out the contention that, if the judge in a court of admiralty is satisfied as to the justice of the application, his powers are as broad as those of the court of equity itself. It would seem that the application may be made by affidavit, or that the taking of testimony can be compelled, if the production of witnesses is considered necessary; but in so far as the present application depends upon the power of the court to compel the libelant to obey the order of this court, for the production of such books and papers, it would seem that such a production could be ordered, and even upon affidavits, if they be deemed sufficient therefor; nor would any constitutional rights seem to be involved, as the matter would not seem to be within the decision of Boyd v. United States, 116 U. S. 616, 6 Sup. Ct. 524, 29 L. Ed. 746, and Interstate Commerce Commission v. Baird, 194 U. S. 25, 24 Sup. Ct. 563, 48 L. Ed. 860.

The serious questions are: (1) Whether such a case has been made out on this application as would justify discovery in equity; and (2) whether the affidavits on this motion show a situation upon which an examination of the books and papers should be allowed prior to a hearing of the issue of an account stated, and the bringing of the books and papers into court by means of a subpœna duces tecum, or a motion during the trial, if any part of these books is to be put in evidence or used in bringing out evidence.

The issues in both actions have been referred to a special master to hear and determine. It will be necessary for the libelant to present the accounts the approval of which he claims to constitute his account stated, and it will be necessary for the libelant to determine whether he will rest upon the statement of the account, or whether he will treat the approval of the various charges merely as evidence, and will proceed to show the amount and value of the items making up that account. The statement of an account is not conclusive, and a defense of fraud might have the effect of actually defeating the cause of action, or of compelling an amendment to the complaint under which the actual items of the account might be proven. Panama Telegraph Co. v. India Rubber Co., L. R. 10, Ch. Apps. 515; Standard Lumber Co. v. Butler Ice Co., 146 Fed. 359, 76 C. C. A. 639, 7 L. R. A. (N. S.) 467; Harrington v. Victoria Graving Dock Co., 3 Q. B. D. 549. In fact, in the present case, in spite of the charge of fraud made by the claimant, the amount already paid for extra work, and the amount as admitted upon the argument of these motions to be due, is so considerable that the libelant is, to a certain extent, justified in urging an immediate determination of what his recovery shall be; while, on the other hand, the claimant would also seem to be justified in putting the libelant to proof of his items, if the fraudulent practices charged can be substantiated as to any part of the work. The court is unable to understand why the claimant, if this case is to be tried before a master with hearings covering a considerable period of time, will be unable to obtain by means of a subpœna duces tecum or motion

any books from which it may wish to obtain evidence on its side of the case. It would seem as if the claimant were endeavoring to learn whether it can substantiate the defenses which it has charged. If this were being done with a view to settlement of the cause of action, perhaps it should be encouraged. The libelant, on the other hand, seems to be in a position where he might facilitate a settlement, if his claims are just, by a production of the books and papers demanded; but each side has taken its position advisedly, and maintained it earnestly, and the court does not feel that the occasion is one where discovery of the evidence is demanded ahead of the hearings before the master.

In some respects the case greatly resembles that of McMullen Lumber Co. v. Strother et al., 136 Fed. 295, 69 C. C. A. 433; but it may be noted that the action was there brought in equity for an accounting, upon an allegation that there was no adequate relief at law, and that the discovery asked for was but the compulsory production upon the trial of the books from which the joint accounts could be balanced. Such a case is not shown here. The very relief demanded in the McMullen Case will be afforded by the taking of testimony before the master, and the reference to Story's Equity Pleadings previously made, to the effect that a bill of discovery is unnecessary, where the adequate relief can be had at law in the action itself, seems to justify the determination that the claimant does not need an examination of these books merely in preparation for trial, and that such examination as may prove to be necessary is easily within the control of the master.

The position taken by the claimant in its answer makes it improper to grant what, under the circumstances, would be an investigation to see if the allegations of fraud, which have been already made, were justified.

The motion for the production of the books and papers must therefore be denied, and the matter left to the special master for such production of documents as he may see fit to direct.