### CHIRURG v. KNICKERBOCKER STEAM TOWAGE CO.

(District Court, D. Maine. January 31, 1910.)

#### Nos. 104-106.

1. ADMIRALTY (§ 64*)—INTERROGATORIES—SCOPE.

Where, in a suit in admiralty to recover possession of vessels of which libelant claims to be the owner, the answer alleges ownership in respondent, and that libelant is claiming under fraudulent bills of sale, thus raising a distinct issue of fraud, respondent is entitled, under admiralty rule 32, to attach interrogatories to the answer bearing a wide range in relation to the transaction by which the bills of sale were obtained and its good faith.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 511–514; Dec. Dig. § 64.*]

2. ADMIRALTY (§ 64*)—INTERROGATORIES—EXCEPTIONS.

Exceptions to interrogatories attached to an answer in admiralty considered.

[Ed. Note.—For other cases, see Admiralty, Dec. Dig. § 64.*]

In Admiralty. Suit by Michael Chirurg against the Knickerbocker Steam Towage Company. On exceptions to interrogatories. Sustained in part.

See, also, 174 Fed. 188.

B. L. Fletcher, for libelant.
Benj. Thompson, for respondent.

HALE, District Judge. Thirty interrogatories are attached to the respondent's answer, and are propounded to the libelant, with the usual prayer for the personal answer of the libelant, under oath, to each interrogatory. Exceptions have been filed by the libelant to all the interrogatories except the second and third. The case now comes before the court upon exceptions to 28 interrogatories.

In The Baker Palmer (D. C.) 172 Fed. 154, Judge Dodge has lately discussed the extent to which interrogatories may go, and has considered their usefulness in admiralty causes. In passing upon the rights of a claimant under rule 32, he says:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"He is entitled to compel his adversary to amplify the allegations of the libel, * * * for the purpose of dispensing with the taking of proofs regarding them, or for the purpose of bringing distinctly before the court the points relied on in defense, or for the purpose of obtaining evidence in support of the defense from the personal answers of his adversary. The David Pratt, 1 Ware, 495, 509, Fed. Cas. No. 3,597; The Serapis (D. C.) 37 Fed. 436, 442; The Mexican Prince (D. C.) 70 Fed. 246; Benedict, Adm. Practice (3d Ed.) § 519.

"The extent to which the process of interrogation may properly be carried will necessarily vary according to the circumstances of each case, and must be regulated, when it is in dispute, by the court in its discretion. The purposes for which it is allowed, as above stated, are to be kept in view; and it is also to be remembered that the matters regarding which interrogatories may be put are, by the language of rule 32, only the matters alleged in the libel or set up in defense by the answer, and that interrogatories are not to be used for such purposes merely as those of finding out in advance what the adversary's evidence will be, or who his witnesses are, or of obtaining the production of letters or documents not in issue, or of cross-examining the adverse party regarding the truth of the allegations made in his pleadings. The Intrepid (D. C.) 42 Fed. 185; Havermeyer's, etc., Company v. Compania Transatlantica (D. C.) 43 Fed. 90; Bock v. Navigation Company (D. C.) 124 Fed. 711. It is, however, not necessarily an objection to an interrogatory, otherwise permissible under rule 32, that some of the purposes above referred to may be incidentally accomplished by it."

This opinion of Judge Dodge presents a comprehensive statement of the rule of admiralty practice in regard to interrogatories. The right to submit interrogatories was recognized by Judge Story and Judge Ware. It has existed under the admiralty rules since their adoption under the act of August 23, 1842 (5 Stat. 516, c. 188). In fact, these early rules are said by the Supreme Court to be "little more than a recognition and formulation of the previous practice of courts of admiralty in this country and in England." The Corsair, 145 U. S. 335, 342, 12 Sup. Ct. 949, 36 L. Ed. 727.

In Gammell v. Skinner, Fed. Cas. No. 5210, Judge Story said:

"And in point of convenience this practice (of interrogatories) should be adhered to; for it brings distinctly before the court the points, on which the defense is intended to be rested."

See Havermeyers & Elder Sugar Refining Company v. Compania Transatlantica Espanola (D. C.) 43 Fed. 90; La Bourgogne (D. C.) 104 Fed. 823.

In the case at bar, the libel states that the libelant is the owner of the steamers of which possession is sought. In the answer, the respondent says that it is the owner; that it has the lawful possession; that, by fraudulent bills of sale, the libelant is seeking to defeat such ownership, and to deprive the respondent of possession; that Morse, through whom the libelant claims, had neither title nor possession of the steamers, and did not, and could not, convey any title. I have already found that the allegations of the answer present issues of fact cognizant in the admiralty. It will be seen, then, that a plain issue of fraud is distinctly raised by the pleadings. In all cases of fraud, a wide range, both of direct and circumstantial evidence, must necessarily be allowed. For fraud is essentially a matter of motive and intention, and is often to be gathered from a great variety of circumstances. Wood v. United

States, 16 Pet. 342, 360, 10 L. Ed. 987; Holmes v. Goldsmith, 147 U. S. 150, 164, 13 Sup. Ct. 288, 37 L. Ed. 118.

With an issue embracing so wide a range of testimony, it seems clear that the duty of the court is to allow the claimant to interrogate upon matters relating to the good faith of parties to the bill of sale. The title to valuable property is at issue. To whom does the property belong? Was the bill of sale made in good faith? Does it convey the title to the property? or was it fraudulent? In order to pass upon these questions, testimony is admissible showing the whole relations of the parties to the bill of sale, together with all facts which bear in any way upon the question of good faith. The interrogatories are addressed to the issues in the case. A party should not be allowed to interrogate merely for the purpose of prying into the affairs of the other party, or to place him in an ambiguous position, or to cross-examine him. It is inquiry, and not inquisition, that is sought by interrogatories. But, as Judge Dodge has pointed out, it is not necessarily an objection to an interrogatory, otherwise permissible, that some of these purposes may be incidentally accomplished. It is not an objection that the answer may disclose the weakness of the case of the party interrogated. Judge Addison Brown has adverted to this view in the Bourgogne Case, supra.

The first question asked by the respondent is:

"Do you understand that under the laws of the United States you are liable to criminal prosecution for any false statement contained in your answers to the interrogatories attached to the claimant's answer, of which this interrogatory is one?"

It seems to me that this question may be held to be objectionable. The court may assume that the libelant realizes the serious consequence of making false answers to questions which have been propounded under the admiralty rules. I will not compel the libelant to answer interrogatory 1. This exception is adjudged good.

Interrogatory 18 is as follows:

"Prior to the taking of bills of sale from said James T. Morse of any of said steamers, did you consult any attorney, or any other person, for the purpose of ascertaining how far such record title in the custom house determined the ownership of vessels of that character; and if you answer in the affirmative state the person consulted and the information received on that subject?"

The court will not require an answer as to any matter upon which there can be a claim of privilege. The libelant will answer as to whether he consulted an attorney, and who the attorney was. I rule that he need not answer as to what information he received from the attorney, or as to what took place between him and his attorney. This exception is adjudged good.

Interrogatory 27 is as follows:

"If you say in answer to the preceding interrogatory that you did not communicate with any representative of the Knickerbocker Steam Towage Company prior to the recording of the bills of sale, state why, if you claimed to be the owner of said steamer Delta or any of the other steamers referred to, you held said bills of sale for that length of time without so communicating with said company?"

177 F.—60

In this interrogatory the libelant is asked why he acted as he did in relation to a certain transaction. I think it possible that I might be establishing a dangerous precedent if I should direct an answer to this question. It might be held that an undue attempt was being made to pry into a man's reasons, in an inquisitorial manner, and for no other purpose than to put him in some unfair position before the court. I will not compel the libelant to answer interrogatory 27. This exception is adjudged good.

With reference to the other interrogatories, it seems to me that they relate to the course of dealing of the parties, and bear upon the good faith of the transaction at issue. The fact that some of them assume a wide range of inquiry does not seem to me a reason for excluding them. I think that they are all material to the issue, which opens a broad range of inquiry. The court overrules exceptions to interrogatories 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 19, 20, 21, 22, 23, 24, 25, 26, 28, 29, and 30. The libelant will answer each of said interrogatories on or before February 21, 1910.