MALGOR, GONZALEZ & COMPANY, S. EN C., In Behalf of and for the Benefit of Bernabe Perez, Libellants,

*v.*

ROYAL INSURANCE COMPANY, Ltd., Libellee.

San Juan, Admiralty, No. 1524.

Opinion filed May 9, 1924.

*Mr. E. B. Wilcox* for libellants.

*Mr. O. B. Frazer* for libellee.

ODLIN, Judge, delivered the following opinion:

The present controversy involves exceptions filed by counsel for the libellants to twelve of the thirteen interrogatories propounded by counsel for the libellee. Interrogatory No. 8 is omitted from this opinion, because the same has been answered. The remaining interrogatories are as follows:—

"First interrogatory. State whether the partnership Malgor, Gonzalez & Company, S. en C. is still in existence and, if so, who are the present partners.

Second interrogatory. State whether the power and authority from respondent to Sobrinos de Ezquiaga referred to in ¶ 3 of the third amended libel is written or verbal and, if written, attach a true copy thereof to your answer to this interrogatory.

Third interrogatory. State with what member or employee of the libellant partnership Mr. Bernabe Perez talked and made the offer referred in ¶ 5 of the third amended libel.

Fourth interrogatory. State whether respondent's general agents were notified verbally or in writing of the shipment referred to in ¶ 5 of the third amended libel and, if said notice was in writing, annex a copy thereof to your answer to this interrogatory. Annex also a copy of the writing by which respondent's general agents accepted the risk referred to in said paragraph.

Fifth interrogatory. State who signed the writing by which

respondent's general agents designated and accepted the Julio as a vessel upon which respondent would insure cargo under its policy No. 63 and annex a copy of such writing to your answer to this interrogatory.

Sixth interrogatory. State from whom, when, and at what price libellants purchased each of the articles of merchandise listed in ¶ 8 of the third amended libel and state what merchandise was contained in the sixty-one boxes of assorted articles referred to in said paragraph and the quantity and price of each of said articles and from whom, when, and at what price said articles were purchased by libellants.

Seventh interrogatory. State what person packed the merchandise referred to in ¶ 8 of the third amended libel for shipment and what person checked the amount thereof and what person delivered such merchandise to the sloop "Julio" and to whom it was delivered.

Ninth interrogatory. State exactly what merchandise was thrown overboard by the Master and crew of the sloop Julio, where it was thrown overboard, what persons threw it overboard and the quantity, number of boxes and description of such articles as were thrown overboard.

Tenth interrogatory. State what merchandise from the cargo of the Julio was put ashore by salvars at Fajardo.

Eleventh interrogatory. State when the general agents of respondent consented to insure libellants' shipments on the voyage of the Julio from San Juan on February 10, 1921 to a greater limit than the limit stated in the policy and, if said consent is in writing, attach a copy thereof to your answer to this interrogatory.

Twelfth interrogatory. State when respondent ratified and

approved any consent of its general agents to insure libellants' shipments on the Julio on the voyage leaving San Juan February 10, 1921, for a greater amount than that stated in the policy and, if such ratification or approval was in writing, attach a copy thereof to your answer to this interrogatory.

Thirteenth interrogatory. State when respondent's general agents changed or modified the terms of its policy No. 63 as alleged in ¶ 14 of the third amended libel and attach to your answer a copy of the writing by which such change and modification was effected."

The argument of counsel discloses that there is virtual agreement between them touching the rules which must control this decision, but they naturally differ as to the application of those rules. The one decision cited by Judge Wilcox, representing the libellants, is a very short opinion recently rendered by District Judge Neterer, sitting in the Federal district court for the state of Washington in the case of MacLeod & Co. v. United States, dated January 28 of the present year [295 Fed. 432] and in this case there were numerous interrogatories propounded, the exact number not being stated, and the judge held that the libellant need answer only one. In explaining his ruling, he states that interrogatories calling for evidence must be confined to testimony necessary to the proof of libellant's case, and may not be used merely to fish into the evidence which the interrogated party may produce in support of its own allegations.

Mr. Frazer, representing the libelee, has called the attention of this court to three very interesting cases. The first is that of the case of The Baker Palmer, decided in 1908 by the

Hon. Frederic Dodge, who was then sitting in the district court of Massachusetts, his opinion being reported in 172 Fed. 154.

The second case is that of Chirrurg v. Knickerbocker Steam Towage Co., decided in 1910 by Federal Judge Hale, sitting in the district court of Maine, reported in 177 Fed. 943. And the third case is that of Erie & W. Transp. Co. v. Great Lakes Towing Co., decided in 1910 by District Judge Rellstab, sitting in New Jersey, reported in 184 Fed. 349.

In the Baker Palmer Case there were 33 interrogatories propounded, with respect to 6 of which no exceptions were presented. As to the other 27, Judge Dodge required the party to answer 20 and ruled that he need not answer 7. The opinion written by him is an extremely interesting one, and there are a few paragraphs which I desire to incorporate in this opinion, because in deciding the present controversy I have been guided as best I could by the distinctions which Judge Dodge draws. He holds as follows, discussing Rule 32: "Touching any matters alleged in the libel . . . he (the libellee) is entitled to compel his adversary to amplify the allegations of the libel, even though not open to exceptions for insufficiency as filed, for the purpose of dispensing with the taking of proofs regarding them, or for the purpose of bringing distinctly before the court the points relied on in defense, or for the purpose of obtaining evidence in support of the defense from the personal answers of his adversary."

He then cites various opinions of earlier Federal courts, and proceeds as follows: "The extent to which the process of interrogation may properly be carried will necessarily vary according to the circumstances of each case, and must be regulated, when it is in dispute, by the court in its discretion. The pur-

poses for which it is allowed, as above stated, are to be kept in view; and it is also to be remembered that the matters regarding which interrogatories may be put are, by the language of Rule 32, only the matters alleged in the libel, or set up in defense by the answer, and that the interrogatories are not to be used for such purposes merely as those of finding out in advance what the adversary's evidence will be, or who his witnesses are, or of obtaining the production of letters or documents not in issue, or of cross-examining the adverse party regarding the truth of the allegations made in his pleadings."

Coming to the decision of Judge Hale, I find that in this case there were 30 interrogatories propounded, with respect to 2 of which no exceptions were filed, and in studying the remaining 28 Judge Hale decided that 25 should be answered and that 3 need not be answered. In the early part of his opinion he cites the same paragraphs from the decision of Judge Dodge which have been cited by the writer of this opinion; and he distinctly held in the case before him that after an admiralty suit had been brought to recover possession of vessels of which the libellant claims to be the owner, and the answer denies that ownership and claims that the respondent is the true owner, and that the libellant was claiming under fraudulent bills of sale, the respondent was entitled under Rule 32 to attach interrogatories to the answer bearing a wide range in relation to the transaction by which the bills of sale were obtained and touching its good faith.

In the present case now before this court, while the answer sets up no distinct charge of fraud, it broadly denies many of the important allegations of the libel as amended. The 12th paragraph of the answer referring to ¶ 12 of the amended libel,

contains a distinct denial that the respondent ever took possession, custody or control of the salvaged portion of the cargo from the sloop Julio, named in the libel. There is an admission by the respondent of a receipt of a premium on the goods the fact that these goods did not belong to the libellants, and shipped by the libellants on the sloop Julio, but it is claimed that respondent received such premium without knowledge of without knowledge of the other facts alleged in the answer. On page 945 of 177 Fed., Judge Hale distinctly holds that it is not an objection that the answer may disclose the weakness of the case of the party interrogated. He admits that one party should not be allowed to interrogate merely for the purpose of prying into the affairs of the other party, or to place him in an ambiguous position, or to cross-examine him, but Judge Hale holds with Judge Dodge that it is not necessarily an objection to an interrogatory, otherwise permissible, that some of these purposes may be incidentally accomplished.

Then we come to the case decided by Judge Rellstab, and examination of same shows that there were 26 interrogatories propounded, and that exceptions were filed to all of them, and that he allowed all the interrogatories. The opinion is a long one, but full of interest. I quote one paragraph as follows: "The drawing of the line between permissible and objectionable interrogatories is oft a difficult task. The interrogatories here propounded are comprehensively framed and call for considerable detail information. Much time and labor will be expended, the names of some of libellant's witnesses will be disclosed, and the introduction of undisclosed documents may take place by making full answer thereto. This, however, is no reason for disallowing the interrogatories, where the purpose

is not to harass, and such disclosures are but a mere incident to the main information sought. The interrogatories in this case, while intrusive and far reaching, are well within the scope of those allowed in the cited cases."

Exercising the discretion which the law vests in the trial judge, and following the spirit of these rules as best I have been able to do, I direct that the libellants answer interrogatories Nos. 1, 2, 4, 5, 9, 10, 11, 12, and 13; they need not answer interrogatories Nos. 3, 6, and 7.

To this order and opinion counsel for the libellants and counsel for the libellee both except.

Done and Ordered in open court at San Juan, Porto Rico, this 9th day of May, 1924.