# HUGO v. HEDGER S. S. CORPORATION.

## No. 311.

Circuit Court of Appeals, Second Circuit.

April 26, 1944.

Christopher E. Heckman, of New York City, for appellant.

Herbert M. Statt, of New York City, for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

350

L. HAND, Circuit Judge.

■ This is an appeal from a decree in the admiralty awarding the libellant $12,-037.04, as the value of work and labor performed upon respondent's ship. The respondent did not oppose the entry of an interlocutory decree, and the computation of the amount due was referred to a commissioner; the commissioner reported, and the district judge confirmed his report. The only question is as to the amount of the award. The job was begun in March, 1942, and, at the respondent's urgent request, was pressed through to completion in ten days; the libellant used the services of fifty-five men, and the work went on for twenty-four hours a day, including two Saturdays and one Sunday. The result was that a great part of the work was overtime, paid for at time and one-half on Saturdays, and double time on Sunday; 5,875 hours of labor were thus expended upon the job, for which the libellant paid $5,170.50. The materials used cost $1,283.53 (after certain deductions are made which are now conceded). The commissioner allowed $1.65 an hour for labor; and added ten per cent to the cost of the materials which he fixed at $1,363.41. This made $9,693.75 for labor and $1,499.74 for materials, to which, as we can infer, he must have added $850: $35 a day for the rental of a lighter; $15 a day for the rental of a power boat; $35 a day for the rental of a "compressor" and a "welder." The resulting sum is indeed greater by $6.45 than the award, but the commissioner's report is so inadequate that, after much labor, we have been altogether unable to follow his figures. The award must in any case be reduced by overcharges for material of $79.88 plus ten per cent—$7.99—making $87.87. After that is done the only question is how far the modified award: $11,-948.17, was "clearly erroneous." The judge proceeded by a different method from the commissioner, although he arrived at the same figure. He took the amount paid for wages, subtracted it from the amount allowed by the commissioner, and concluded that the difference could be substantially accounted for by an allowance of sixty-three per cent of the wages for overhead, together with a profit of about twenty-five per cent. The result being very close to the commissioner's, he refused to make any change in the award. The percentage of sixty-three which he took for overhead, was that which the libel-lant's total overhead for the first nine months of 1942 bore to the total wages paid during the same period.

The respondent complains of the wage scale—$1.65 per hour—found by the commissioner, although it was less than that allowed by the War Shipping Administration—$1.85—to the libellant upon another contract. It alleges that the "negotiation clause" in all contracts with the War Shipping Administration makes the rates fixed in its contracts of no value as evidence in other cases; and perhaps that is true. On the other hand, the wage rates to which witnesses before the commissioner testified varied between $1.50 and $1.85, so that it would be hard to hold erroneous a rate, midway between, selected after seeing the witnesses. Be that as it may, we think that substantially the same award can be reached by the method—somewhat modified—adopted by the judge. We start with the amount paid for wages—$5,170.50—to which we must add a charge for overhead. We agree with the respondent that it is not fair to take the proportion of overhead to wages for the first nine months of 1942, for this was not a normal job, and the average should not be applied to it. No doubt, considerable overtime went into the other jobs during the nine months' period, but we cannot tell how much. If we assume that there was none whatever, we shall certainly be doing some injustice to the libellant; but at least the respondent cannot complain. It is possible to calculate from the libellant's time-sheet the hours of "straight" labor—the actual number spent upon the job—because the sheet shows the double time, and time and a half, credited to each man. The double time was 605 hours; the time and a half 1710. The number of "straight" hours was therefore 4700:5875—(605+570). The average price paid per hour may be calculated: it is $.88 ($5,170.50÷5875). Hence the amount which would have been paid had all the work been done on single time is $4,-136. We may safely take for overhead sixty-three per cent of this figure which is $2,605.68. The total cost for labor, overhead and materials will therefore be: $5,-170.50 wages; $2,605.68, overhead; $1,-283.53, materials: total $9,059.71. The testimony supported a finding of twenty-five per cent for profit; and, applying that figure to the wages and overhead ($7,776.18), we get $1,944.05, making a total for these two items of $9,720.23. The commissioner

allowed only ten per cent upon the cost of materials, which gives—when the cost has been corrected—$1,283.53 plus $128.35, or $1,411.88. The total of the three items is therefore $11,132.10, which is $816.77 less than the award after it is corrected. This difference is to be accounted for, if at all, by the rent of the lighter, of the power boat, and of the welder and the compressor. The final question is therefore whether these were proper items of charge.

 The evidence as to the lighter and power boat is unsatisfactory. They were parts of the libellant's equipment, and it may be argued that no allowance should have been made for them, any more than for rent of the other equipment or of the plant. Any depreciation would be covered by an item of depreciation, already included in the overhead; and the use, merely as use, should be covered into the award for profit. As to the lighter and power boat we are disposed, however, to read the only testimony in the record as leading to the opposite conclusion. The libellant's son and manager, when asked on what he based this charge, answered: "That is what we get all the time for it. I mean that is the rate we have in the harbor for a small lighter. In fact it is under the rate. They get fifty dollars a day now in this harbor." The commissioner might certainly have understood this, as apparently he did, to mean that the libellant regularly made such charges, whenever the lighter or power boat was used on a job. There is no other testimony in the record which throws any light upon the matter, and we cannot hold that the award was pro tanto "clearly erroneous." The claim for the use of the "welder" and "compressor" appears in the answers to interrogatories at $3 an hour each: 56 hours for the compressor and 91 for the welder; a total of $441; but such answers are not evidence. Cushman v. Ryan, C.C., Fed.Cas. 3,515, 1 Story 91; The Serapis, D.C., 37 F. 436, 442; Havermeyers & Elder Sugar Refining Co. v. Campania Transatlantica Espanola, D.C., 43 F. 90. As we have said, we gather by inference that the commissioner allowed, or meant to allow $350 for this item. We cannot, however, find any testimony to prove any rental for either piece of machinery, unless it be what just preceded that which we quoted; as follows: "Q. What about the welding machine? A. The same thing. Q. On what do you base your charge of thirty-five dollars a day for that?" Then followed the words quoted; and these plainly referred to the lighter. Thus, there is not a shred of testimony to support this item and the award must be correspondingly reduced. The award will therefore be made up as follows: wages, $9,693.75; materials, $1,411.88; rent of lighter and power boat $500; total $11,605.63. This results in a reduction of $431.41; but, since the respondent has lost upon the chief issues on the appeal, we will not allow costs to either side.

The respondent challenges the competency of the libellant's documents as proof of the figures used; but the testimony clearly brought them within the statute. § 695, 28 U.S.C.A.

Decree modified so as to allow $11,605.63, instead of $12,037.04, and as modified, affirmed. No costs.