## THE TEASER.

### THE HARRISBURG.

(District Court, D. Massachusetts. January 27, 1910.)

No. 230.

1. COLLISION (§ 118*)—SUIT FOR DAMAGES—ANSWER.

In a suit for collision against a tug and her tow, the two are to be regarded for many purposes as one vessel under steam for the navigation of which the tug is responsible, and, where both are charged with fault, an answer by the claimant of the tug is insufficient unless it answers the charges against the tow.

[Ed. Note.—For other cases, see Collision, Cent. Dig. § 252; Dec. Dig. § 118.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. COLLISION (§ 118*)—SUIT FOR DAMAGES—ANSWER.

In a suit for collision, an allegation in the libel that libelant's vessel was without fault should be answered either by denial, admission, or an averment of want of knowledge.

[Ed. Note.—For other cases, see Collision, Cent. Dig. § 252; Dec. Dig. § 118.*]

3. ADMIRALTY (§ 65*)—PLEADING—ANSWER.

Where allegations in an answer in admiralty are unnecessary and not required by the rules of pleading, they are not subject to exception for insufficiency.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 515–518; Dec. Dig. § 65.*]

4. ADMIRALTY (§ 64*)—PLEADING—INTERROGATORIES IN LIBEL.

Exceptions to interrogatories propounded in a libel for collision considered.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 511–514; Dec. Dig. § 64.*]

5. ADMIRALTY (§ 64*)—PLEADING—INTERROGATORIES IN LIBEL.

That an interrogatory propounded in a libel for collision has been answered in the answer to the libel is not ground for exception to the interrogatory.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 511–514; Dec. Dig. § 64.*]

6. ADMIRALTY (§ 64*)—ANSWERS TO INTERROGATORIES.

Answers to interrogatories propounded in a libel *held* subject to exception for ambiguity and insufficiency.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 511–514; Dec. Dig. § 64.*]

In Admiralty. Suit by John L. McDonald and others against the steam tug Teaser (Harry W. Law, claimant), and the barge Harrisburg (George Fredericksen, claimant). On exceptions to answers of both claimants. Sustained in part. Also on exceptions by claimant Law to interrogatories propounded in the libel. Overruled. Also on exceptions to answers by claimants to interrogatories. Sustained in part.

Benjamin Thompson, for libelants.
Carver, Wardner & Goodwin, for claimant of Teaser.
Blodgett, Jones & Burnham, for claimant of Harrisburg.

### On Exceptions to Answers of Claimants.

DODGE, District Judge. The libel against this tug and barge is in a cause of collision. The collision is alleged to have occurred October 13, 1907.

The libelants allege that their schooner Demozelle was run into and sunk by the barge while in tow of the tug.

They also allege that the tug passed their schooner, going in an opposite direction, but passed too near for safety, yet that the barge, which followed immediately after, would also have passed their schooner without collision had she not failed to follow the tug's course, and, instead of doing so, sheered across the schooner's course.

[1] 1. Article fourth of the libel alleges that the collision and resulting damage were wholly caused by negligence on the part of the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tug and of the barge. It goes on to make eight specifications of the negligence thus charged to have caused the collision. The first is that neither the tug nor barge had a competent lookout, wheelsman, or officer of the deck. The next three specifications are of faults ascribed to the tug. The remaining four specifications are of faults ascribed to the barge.

Law, claimant of the tug, answers the above allegations in the fourth article of his answer by denying the collision to have been caused by any negligence on the tug's part, but without saying anything in answer to the charges of fault on the barge's part. This the libelants except to as insufficient.

A tug and tow are for many important purposes, in cases of this kind, to be regarded as one vessel under steam. And since, under ordinary circumstances, according to our law, the tug is responsible for the combined navigation, the navigation of both is to be regarded as under the orders and direction of the tug until the contrary appears. These well-recognized principles seem to me to require the claimant of the tug to answer the charges of fault made against the barge. I find nothing in the libel indicating that the barge was not under the orders and directions of the tug, nor does anything of the kind appear to be claimed in the answer. It cannot be said, therefore, that for the faults ascribed to the barge the tug can in no event be held. Absence of a proper lookout, etc., on board her, failure on her part to follow the tug, or to avoid sheering toward the schooner or across her course, or failure to slip or cut the hawser, if necessary, cannot now be said to be matters as to which the tug had no control or responsibility, and therefore matters as to which she was not called upon to know, by observation at the time, what the facts were. I consider this exception well taken, and it is sustained.

[2] 2. The last allegation made in the fourth article of the libel is a denial that the collision was caused by any negligence on the schooner's part.

To this the only answer made by the claimant of the tug in the fourth article of his answer is a denial of any fault on the tug's part. The libelants except to this as insufficient.

This exception also I must sustain. I think the libelants are entitled to know whether or not the claimant of the tug admits or denies their allegation that the schooner was without fault. Whether the schooner was in fault or not seems to me a matter presumably within the observation and knowledge of those in charge of the tug at the time of the collision. If so within their knowledge, I think the allegation referred to has not been answered as rule 27 requires. Otherwise, I think a statement that the claimant can neither admit nor deny, for want of knowledge, is called for.

[3] 3. The seventh article of the answer is one which does not purport either to admit or deny specific allegations of the libel. Those articles of the libel, containing allegations which rule 27 requires the claimant to meet by direct admission or denial if he can, are all covered by the first five articles of the answer; or will be so covered if the fourth article of the libel be answered as above directed. In the

sixth article of the answer is set forth the claimant's own account of the collision, after which the seventh makes a general denial that the collision was due to fault of the tug and a general averment that everything possible to be done on board her to avoid it was done. The libelants object that this seventh article is insufficient in not setting forth specifically what was thus done on board the tug.

It does not seem to me that the averments of the article were necessary for the purpose of complying with rule 27 or any other of the admiralty rules. If not required, I do not see how they can be called insufficient. Taken in the connection in which they occur, it may be doubted whether they add anything substantial to the allegations of fact made in the sixth article. But, however this may be, if, as I think, the averment that the tug took every possible precaution was not a required averment, I am unable to sustain the objection that it is not specific enough.

4. The same considerations oblige me to overrule the objection that the seventh article does not, besides denying that fault on the tug's part caused the collision, aver what or whose fault did cause it.

5. Of the exceptions to the answer filed by Fredericksen, claimant of the barge, the only one which I am called upon to consider is the second exception. This objects that the last three lines of the eighth article of the answer are insufficient.

In the lines referred to it is alleged that everything was done on the barge to avoid collision that could have been done, and that the collision was due to the fault of the schooner or of the tug, or of both. The objection made is like that made to the seventh article of the tug's answer, i. e., that it does not specify what was done on the barge, nor in what respect schooner or tug, or both, were to blame.

The eighth article of this answer occupies a position corresponding to that occupied by the seventh article of the tug's answer, in that it follows after articles (first to sixth, inclusive) in which each article of the libel is taken up in order and the allegations thereof admitted or denied—and after an article (seventh) wherein the claimant's account of the facts is set forth affirmatively. I am obliged to regard it, as I regarded the corresponding article of the tug's answer, as containing allegations which are not inserted because required by any express rule or requirement of admiralty pleading; and which, moreover, are entitled to no greater weight than statements of inferences from facts previously pleaded. I do not see how what has thus been inserted can give the libelant the right to demand that it be amplified. This exception is therefore overruled.

## On Exception of Claimant Law to Interrogatories.

1. The objections made to interrogatories 9, 10, 21, 22, and 24 are, in substance:

That they do not seek information regarding anything alleged in the libel.

That they do not seek information in support of the libelants' case.

That they are irrelevant and immaterial.

Admiralty rule 23 gives the libelants the right to interrogate "touching all and singular the allegations in the libel."

Their libel alleges fault on the part both of the tug and of the barge, causing the collision between their schooner and the barge—which they describe.

They have specified as fault on the part of both, among other things, that neither had any competent lookout, wheelsman, or officer of the deck (article fourth).

[4] I do not see how it can be doubted that interrogatories 9 and 10, which call for the name of the persons on board the tug and the barge, or on watch at the time, the position and station of each person and how long he had occupied it, are interrogatories touching the allegations of the libel.

Nor do I see how it can be doubted that interrogatories 21, 22, and 24, which ask what the first knowledge any such person on the tug had of the collision, how the knowledge was acquired and when, and what orders were thereupon given to the tug's man at the wheel and engineer, are in like manner interrogatories touching the allegations of the libel, in which the tug is further charged with fault in not slowing, stopping, or reversing when danger of collision became imminent.

The exceptions to the five interrogatories above mentioned are therefore overruled, and the claimant Law is required to answer them.

[5] 2. The objection made to interrogatory 25, that it has been partly answered in the answer to the libel, if true, does not seem to me sufficient to excuse the claimant from answering it again as required by the interrogatory. Of course, libelants cannot know, when they annex interrogatories to their libel, what answer will be made to the libel itself.

The remaining objections to this interrogatory are similar to those dealt with above. If the tug, having a barge in tow, passed the schooner starboard to starboard, shortly before a collision between that schooner and the barge, the inquiries how far she was from the schooner in passing, and to what extent the schooner was kept under observation and by whom after passing, are, in my opinion, inquiries touching those allegations in the libel which charge the tug with failure to tow the barge clear of the schooner and with failure to slow, stop, or reverse when danger of collision between those vessels became imminent. This exception is overruled.

3. The objection made to interrogatories 26, 27, and 28 is that they inquire about matters not within the claimant's reach or knowledge, and over which those in charge of the steam tug had no control. The inquiries made in all these interrogatories relate, it is true, to what happened on the barge, which by this claimant's answer to interrogatory 15 appears to have been a considerable distance astern of the tug. I cannot, however, assume it to be impossible that the claimant has any knowledge which will enable him to answer any of the inquiries. The tug appears to have been in charge of and responsible for the barge to such an extent as to forbid me to sustain the exceptions on the grounds stated. If the claimant is without such means of knowledge as enable him to answer, he can so state in his answers. The exceptions to these three interrogatories are overruled.

On Exceptions to Answers of Claimants to Interrogatories.

[6] The exceptions to the answers filed by Law to interrogatories 17, 18, and 23 are sustained. In each answer the language used leaves some doubt whether it is or not a full, distinct, and explicit answer as it stands. All ambiguity can, as it seems to me, be easily removed, and should be removed.

If, in answer to interrogatory 17, the persons named were the only persons in the pilot house during the time inquired about, it should be distinctly so stated. If not, the answer is, of course, incomplete.

In answer to interrogatory 18, there should be a specific mention or description of each light, such as will leave no room for dispute whether they were "regulation towing and side lights" or not.

In answer to interrogatory 23, the Teaser's course and speed "prior to the collision" may or may not have been her course and speed at the time about which inquiry is made. The answer, as it stands, is irresponsive.

As to the exceptions to answers filed by Fredericksen on behalf of the barge, I sustain those to answers 7, 8, 11, 12, 13, 26, and 27, and overrule that to 28.

In answer to interrogatory 7, the claimant should have stated on what voyage the Teaser was bound, if he knew.

In answer to interrogatory 8, having stated, in answer to the previous interrogatory 4, that another barge was concerned in the towage operation, he should have stated whether she was light or loaded, if he knew.

(Both these interrogatories having been answered by the claimant of the Teaser, though this claimant ought to answer them also, it would seem that his answers can hardly be of great importance.)

If there were objections to answering interrogatories 11, 12, and 13, those objections ought to have been raised by exceptions, stating the ground of objection. An objection in place of an answer seems, strictly speaking, to be a refusal to answer. Treating these objections as exceptions, however, I rule that these interrogatories ought to be answered.

This claimant's answer to interrogatory 26 seems to me, though not complete, yet more nearly so than the libelants allow it to be. If the schooner was seen nearly ahead and between the tug and barge, this may well have been the circumstance that caused apprehension. If she was about halfway between tug and barge, the length of the hawser, stated in answer to interrogatory 15, gives her distance from the barge approximately. Who it was that first saw the schooner in a position to cause apprehension, to whom and how he reported the fact, if to any one, and the speed of the Harrisburg at the time, are all matters called for by the interrogatory, and the claimant should answer upon these points.

His answer to interrogatory 27 is obviously insufficient. The inquiry is as to orders given on board the Harrisburg as well as given from the tug.

His answer to interrogatory 28 seems to me sufficient. The interrogatory does not call for the reasons why he has no information enabling him to answer.