**PRINCE LINE, Limited, v. MAYER & LAGE, Inc.**

(District Court, S. D. New York. March 30, 1920.)

1. **Admiralty** ⊜⊸58—Security not required on cross-libel in personam.

   Where one against whom a libel is filed in personam, without attachment, files a cross-libel in personam, and no security has been obtained by the original libelant, the cross-respondent will not be required to give security under Supreme Court rule 53 (29 Sup. Ct. xiv) relative to security on cross-libels.

2. **Admiralty** ⊜⊸64—Interrogatories may not call for evidence of antagonist's case, but may call for particulars.

   Interrogatories in an answer in admiralty, so far as they call for evidence, must be confined to testimony necessary to the proof of proponent's case or defense, and evidence of the antagonist's case may not be obtained, but the proponent may ask for particulars of the matters pleaded.

In Admiralty. Suit in which the Prince Line, Limited, filed a cross-libel against Mayer & Lage, Incorporated. On motion to require security, and on exceptions to interrogatories. Motion denied, and exceptions overruled.

Charles R. Hickox, of New York City, for cross-libelant and respondent.

J. Culbert Palmer, of New York City, for cross-respondent and libelant.

LEARNED HAND, District Judge. The points presented are respectively these: Shall the cross-respondent be required, on motion under the fifty-third rule (29 Sup. Ct. xiv) to give security on the cross-libel? Shall the exceptions be sustained to the interrogatories propounded in the answer to the libel?

[1] The libelant is a domestic corporation, and filed a libel in personam against the respondent, a foreign corporation, without attachment. Later the cross-libel was filed in personam, and the cross-libelant moves now for security under the fifty-third rule. Obviously, had the cross-libel been original, no security could have been required under the second rule (29 Sup. Ct. xxxix), as the respondent could have been found. This, as it seems to me, is enough to dispose of the motion within that discretion which the fifty-third rule gives, the libelant not having itself got any security. Had it done so, this motion would have lain as of course. Of course, if the rule only applies when the original libel is in rem (Franklin Sugar Refining Co. v. Funch [D. C.] 66 Fed. 342), this motion would not lie anyway; but I can scarcely so understand it, and the equity of the rule clearly comprehends a libel in personam with attachment. That point it is not necessary to decide.

The motion is denied.

[2] The interrogatories inquire into particulars of the case alleged in the original libel. Interrogatories, so far as they call for evidence, must be confined to testimony necessary to the proof of the proponent's case or defense, by which I mean matter pleaded in avoidance. Marquette Mfg. Co. v. Oglesby Coal Co. (D. C.) 247 Fed. 351. However,.

⊜⊸For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the respondent here is entitled to all the matter called for by way of specification of the libel, which it may get by interrogatories. It asks for no evidence, properly speaking, but for particulars only. The difference would become important if what the respondent asked was really evidence, not specification of the pleading. Evidence in support of his own case the proponent may obtain by the utmost searching of his antagonist's conscience. Evidence of the antagonist's own case he may not obtain at all; but he may find out particulars—e. g., dates, places, the agents who acted, and the details of the transactions—so that he may prepare to present his own evidence. No doubt the line is one of degree, but the limits of specification are well settled in practice, and these interrogatories do not transcend them.

Therefore these exceptions are overruled.

---

⊗⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes