### DE SOUZA v. DOLLAR S. S. LINES, Limited, et al.

(District Court, W. D. Washington, N. D. July 2, 1923.)

No. 4505.

1. Admiralty ⪪79—Court has power to reopen case for further proof.

   On a proper showing, and in furtherance of justice, after a hearing is concluded, the case may be reopened, and further proof received.

2. Admiralty ⪪75—Court may require answers to interrogatories and production of documents.

   Under admiralty rules 31 and 32 (268 Fed. xiv), the court has power to require a party to answer interrogatories and to produce documents in his possession at any time before final decree.

In Admiralty. Suit by V. M. R. De Souza, trading as De Souza & Co., against the Dollar Steamship Lines, Inc., and the Robert Dollar Company. On motions by libelant to reopen case for further testimony and to require respondents to answer interrogatories and produce documents. Granted.

The testimony in this case has been taken. The bill of lading introduced was found by proctor, in preparing his brief, to be incomplete in that the charges for freight were left blank, and not in harmony with the purported copy in proctor's possession. Inspection of the original bill of lading had been denied before trial. Respondent in its brief claims the benefit of the provision of the bill of lading reading as follows: "In no case shall the carrier be liable for or in respect of the said goods or property beyond the sum of $100 for any one package, or any article not inclosed in a package, unless a higher value shall have been declared in writing at the time of shipment and ad valorem freight paid thereon." Libelant thereupon moved that the case be opened for further testimony. On the 18th of May the respondent moved that the order reopening the case be vacated. On this day libelant served certain interrogatories upon respondent, eliciting information as to the amount of freight paid from Detroit to Vancouver, B. C., and also the amount of ocean freight paid from Vancouver, B. C., to Hong Kong.

Revelle & Revelle and Lucas C. Kells, all of Seattle, Wash., for libelant.

Bogle, Merritt & Bogle, of Seattle, Wash., for respondents.

NETERER, District Judge. It appears that, immediately on reopening the case for further testimony, libelant proceeded and found that the shippers of the freight had gone out of business, and no officer or agent could be located who had knowledge of the matter in suit. The agent of the railway company, who executed the bill of lading, was no longer in the employ of the company, and does not remember the details of the transaction, and libelant is advised that all records of the transaction have been delivered to respondent.

[1] Admiralty rule 46 of this district provides:

"On proper showing, application for a commission and for a stay of proceedings may be made at any time before final decree."

And it further provides:

"On special cause shown, an order for the examination of parties not named may be applied for on notice to the adverse party."

Benedict, § 54, says that on proper showing, after a hearing is concluded, further proof may be received in the furtherance of justice. Judge Gilbert, for the court, in The Bainbridge, 199 Fed. 404, 118 C. C. A. 88, says that ordinarily, on proper showing of inadvertence or mistake, the further testimony should be received.

[2] Under admiralty rule 31 (267 Fed. xiv) I think the court has power to require the interrogatories to be answered, and under rule 32 to produce the documents in its possession. One purpose of the interrogatories in admiralty is to procure evidence in support of the libel or defense (Coronet Phosphate Co. v. U. S. Shipping Co. [D. C.] 260 Fed. 846), and this appearing to be in the furtherance of justice, and the court having power, I think the interrogatories should be answered, and the document demanded produced, if in the possession of the respondent.