## MacLEOD & CO., Inc., v. UNITED STATES.

(District Court, W. D. Washington, N. D.   January 28, 1924.)

No. 7810.

**Admiralty** ⟜64—**Interrogatories should not fish into evidence of adverse party.**

Interrogatories in admiralty, calling for evidence, must be confined to testimony necessary to the proof of libelant's case, and may not be used merely to fish into the evidence which the interrogated party may produce in support of its own allegations.

In Admiralty. Suit by MacLeod & Co., Inc., against the United States. On exceptions to interrogatories of libelant. Exceptions sustained in part.

The libelant seeks the recovery of damages alleged to have been sustained to a shipment of hemp while being transported by the respondent through and by its agent, the Admiral Oriental Line, from Manila to Seattle, charging negligence on the part of the respondent; the bill of lading being the usual form.

One of the defenses is that the vessel encountered unusually severe gales and storms, and cross-seas of many days' duration, and of such unusual violence that the vessel was unable to maintain her speed, and heavily labored, rolled, pitched, and pounded, and was subjected to such violence, and such unusual stress and strain, that numerous rivets and seams in the hull had placed upon them a long-continued and excessive stress and strain, as a result of which several of the rivets in the hull below the light-draft water line became loosened in their places, one rivet being entirely ruptured and lost, admitting water into the forward bilges and forward lower hold of the vessel.

The libelant propounds a number of interrogatories to be answered, and also a supplemental interrogatory as follows: "Give the longtitude and latitude where the alleged severe storm occurred, and where the ship was traveling at the time of the storm complained of, and make the answer to the foregoing as part of the answer to interrogatory No. 1."

Interrogatory No. 1 reads: "Please state fully the character of the storm that prevailed when the vessel was alleged to have been injured, * * * giving the temperature, * * * the velocity of the wind, and the readings of the barometer, and other similar information during the continuance of the alleged storm."

The remaining interrogatories seek a copy of the log of the vessel, and also request the respondent to state in full everything done or action taken with reference to any protest, notice, or record made concerning the storm and the damage to the cargo, and other matters occurring, and whether the same was made on the high seas, or after the vessel reached the port of Seattle.

Hartman & Hartman, of Seattle, Wash., for libelant.

Bronson, Robinson & Jones, of Seattle, Wash., for respondent.

NETERER, District Judge. Interrogatories calling for evidence must be confined to testimony necessary to the proof of the libelant's case (Prince Line, Ltd., v. Mayer & Lage, Inc. [D. C.] 264 Fed. 856), and may not be used merely to fish into the evidence which the interrogated party may produce in support of its own allegations (The Princess Sophia [D. C.] 269 Fed. 651). See also The Hewitt (D. C.) 284 Fed. 911, American Maritime Cases (1923) 89.

The exceptions must be sustained, except to the supplemental interrogatory as to the longitude and latitude in which the storm occurred.

⟜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes