## THE FRED B. DALZELL. THE BIRD CITY. THE OZAUKEE.

(District Court, E. D. New York. November 21, 1925.)

Admiralty ⬤⟾75—Libelant held entitled to have answered interrogatories to ascertain relative position of tugs negligently moving steamship which collided with another, where such positions cannot otherwise be ascertained.

Where steamship was damaged in collision with another steamship leaving her berth under control of tugs, and position of tugs could not be ascertained so as to determine their relative negligence, libelant was entitled to have answered interrogatories to claimants of tugs for purpose of ascertaining their respective positions.

In Admiralty. Libel by the United States against the steam tugs Fred B. Dalzell, E. E. Dalzell, Howard C. Moore, and Boucker. On motion for order to propound interrogatories to claimants. Motion granted.

Libel by the United States as the owner of the steamship Ozaukee against the steam tugs F. B. Dalzell, E. E. Dalzell, Howard C. Moore, and Boucker.

These tugs were under separate ownership. Answers were interposed. Libelant thereafter moved for an order allowing libelant to propound interrogatories to each of the claimants of the several steamtugs, for the purpose of ascertaining the positions occupied by each tug in respect of the steamship Bird City while she was being moved from alongside the steamship Ozaukee. The libel stated, in substance, that on the 26th day of November, 1920, the steamship Bird City was lying alongside of, and made fast to, the steamship Ozaukee, which in turn was made fast to the south side of pier 74, North river, N. Y. At about 4 p. m. on said day, the weather being clear, wind light, and tide flood, the Bird City, without power of her

own, but solely in control of the steam tugs above mentioned, left her berth. That the Bird City carelessly and negligently collided with the Ozaukee.

On the motion libelant claimed that it was unable to ascertain the relative position of said steam tugs by name around the Bird City. That libelant knew the names of the four tugs, but not the name of the particular tug at each position. That depositions had been taken of the captain and chief officer of the Bird City and of the chief officer of the Ozaukee, but neither of these witnesses were able to definitely state the name and position of each of the said tugs. That apparently one of the tugs was particularly careless. This tug was one that had a line from the stern of the Bird City. That libelant has been unable to ascertain the name of this tug.

Horace M. Gray, Admiralty Counsel, of New York City, for the United States.

Burlingham, Veeder, Masten & Fearey, of New York City (Chauncey I. Clark, of New York City, of counsel), for tugs.

INCH, District Judge. "After most careful reconsideration of this motion, I have come to the conclusion that under the circumstances of this case the interrogatories should be answered. This does not compel the giving of any witness' name; it does not compel the giving of evidence solely belonging to a claimant and as a defense. It is essential to libelant to know and prove that a tug was at a certain place at a certain time. He is entitled to such information, if claimant can answer. It is not sufficient to merely admit it was in the neighborhood of that place, nor does the giving of such location merely indicate any liability on the part of such tug. Such remains still to be proved by other evidence. Motion is now granted."