**INTERNATIONAL BANKING CORPORATION v. UNITED STATES et al.**

District Court, D. Connecticut. March 16, 1927.

No. 3006.

**1. Admiralty ⟝64—One purpose of interrogatories is to procure evidence supporting libel or answer.**

One purpose of admiralty rules 31 and 32, providing for interrogatories and discovery of documents, is to procure evidence in support of the allegations of the libel or of the answer.

**2. Admiralty ☞64—Interrogatory requiring disclosure of all correspondence relative to transaction held proper (admiralty rule 32).**

Interrogatory requiring libelant to disclose all correspondence relating to transaction in controversy *held* pertinent to issues and proper; libelant being protected against imposition by admiralty rule 32.

In Admiralty. Suit by the International Banking Corporation against the United States, with the Admiral Oriental Line, impleaded. On motion to compel libelant to answer interrogatory. Granted. '

Burlingham, Veeder, Masten & Fearey, of New York City, for libelant.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City, for Admiral Oriental Line.

Horace M. Gray, Sp. Asst. U. S. Atty., of New York City.

THOMAS, District Judge. This is an action brought by the banker holder of bills of lading issued by the carrier (the respondent), which libelant claims it accepted as security for a 90-day sight draft, drawn and accepted by the shipper. The cargo involved was delivered in Japan to the shipper, by the carrier, without the surrender of the order bills of lading.

Libelant claims it advanced credit on these shipments on May 5, 1924, about a week after the cargo had been delivered to the company, and it is admitted that the respondent impleaded, Admiral Oriental Line, delivered the cargoes without obtaining the bills of lading, but accepted a letter of credit from a bank in Japan guaranteeing indemnity to the carrier. The shipper, Takata & Co., and the bank in Japan, became insolvent, and the libelant is now seeking to recover from the respondent $60,000 damages, the consideration alleged to have been paid to Takata & Co. and secured by the bills of lading.

In its answer to the libel, the respondent attached a number of interrogatories calculated to ascertain the knowledge of the libelant respecting the entire transaction. Answers have been filed by the libelant to all interrogatories except the seventh, which reads as follows:

"Seventh Interrogatory.—Attach originals or true copies of all correspondence, whether by letter, telegram, radio, or cable, passing between the libelant and all correspondents in Japan (a) relating to the shipments described in the libel; and (b) to all negotiable papers issued in connection with said shipments."

Rules 31 and 32 of the Rules of Practice for the Courts of the United States in Admiralty, promulgated by the Supreme Court of the United States December 6, 1920, effective March 7, 1921, govern the rights of the parties upon the question presented, and provide:

"31. Either party shall have the right to require the personal answer of the other party or of its proper officer on oath or solemn affirmation to all interrogatories propounded by him, it or them, in the libel, answer or otherwise as may be ordered by the court on cause shown and required to be answered. In default of due answer by either party to such interrogatories, the court may adjudge such party to be in default and enter such order in the cause as it shall deem most fit to promote justice.

"32. After joinder of issue, and before trial, any party may apply to the court for an order directing any other party, his agent or representative, to make discovery, on oath, of any documents which are, or have been, in his possession or power, relating to any matter or question in issue. And the court may order the production, by any party, his agent or representative, on oath, of such of the documents in his possession or power relating to any matter in question in the cause as the court shall think right, and the court may deal with such documents, when produced, in such manner as shall appear just."

[1] Since the promulgation of these rules, greater latitude has been extended by the courts in the application of the rules than was extended under the old rules 23 and 32. One purpose of the interrogatories is to procure evidence in support of the allegations in the libel or in the answer. Coronet Phosphate Co. v. U. S. Shipping Co. (D. C.) 260 F. 846; De Souza v. Dollar Steamship Lines, Ltd. (D. C.) 292 F. 490.

[2] The seventh interrogatory in the case at bar is pertinent and germane to the issues raised by the pleadings. To serve the ends of justice, and in fairness to the respondents, I am of the opinion that there should be a compliance by the libelant with the seventh interrogatory, and if the documents are in the possession and under the control of the libelant, they should be produced, subject only to one limitation. If there are any privileged communications, such as those between attorney and client, these need not be produced in advance of trial; but they should be in court at the time of trial, that the question of privilege may then be decided.

It seems clear that the seventh interrogatory, to which answer is sought, deals strictly

with matters properly alleged in the twenty-fifth paragraph of the answer, where the respondent says:

"Said cargo was delivered to Takata & Co. at Yokohama prior to the making of the drafts referred to in articles twentieth and twenty-first of this answer, and at the time said drafts were delivered to the libelant, it knew that the cargo referred to in the bills of lading, which were delivered to the libelant as security for the acceptance of said drafts, had been delivered to Takata & Co. at Yokohama."

It also seems clear that the interrogatory is not a "fishing expedition," but that the respondent is fairly entitled to an answer to the question, and that libelant should produce all of its pertinent records and permit respondents to prove their defense, if they can, by the only available proof, all of which, if it is anywhere, is in the possession of the libelant. As rule 32 protects the libelant by providing that such documents, when produced, will be dealt with by the court in such manner as shall appear just, no prejudice to the libelant will result by answering the seventh interrogatory.

Ordered accordingly.