THE SANTIAGO. Petition of CAFFEY. Claim of MAKRINOS.

District Court, S. D. New York. July 15, 1927.

1. Admiralty ⬤=64—Answering claimant, in suit for limitation of liability, may propound interrogatories, to be answered by petitioner.

Answering claimant, in a suit for limitation of liability, may propound interrogatories in support of his claim, to be answered by petitioner, even though the ship was a total loss, since the court has jurisdiction in the suit to adjudicate his claim, and to enforce it in personam in the event limitation is denied.

2. Admiralty ⬤=64—Interrogatories may properly require further particulars of adversary's case.

Interrogatories are proper to require further particulars relating to the case alleged by the other party.

In Admiralty. In the matter of the petition of Francis G. Caffey, as receiver of the New York & Cuba Mail Steamship Company, owner of the steamship Santiago, for limitation of liability. On motion of Stelios Makrinos, damage claimant, for an order of default for failure of petitioner to answer interrogatories. Motion granted.

Henry V. Stebbins, of New York City, for claimant.

Burlingham, Veeder, Masten & Feary, of New York City, for petitioner.

THACHER, District Judge. Interrogatories, unless excepted to, shall be answered within two weeks after service of a copy. Admiralty rule 14. The petitioner has neither excepted to nor answered claimant's interrogatories, although the time limited by the rule has long since expired. This motion has accordingly been made by the claimant under rule 31 of the Admiralty Rules of the Supreme Court, providing: "In default of due answer by either party to such interrogatories, the court may adjudge such party to be in default and enter such order in the cause as it shall deem most fit to promote justice."

[1] In opposition to the motion, petitioner has not excused its default or asked for time to file exceptions or answer the interrogatories. It has urged the court to consider that under the decision in The S. S. Hewitt (D. C.) 284 F. 911, the claimant had no right to propound any interrogatories in this case, regardless of their purpose or form; the proceeding being one to limit liability to the value of a ship which has been totally lost. Waiving requirements of orderly practice, which would seem to require that such objection should have been raised by exception, I do not think the decision in The S. S. Hewitt can be extended so far, particularly in view of the recent decision of the Supreme Court in Hartford Accident Co. v. Southern Pac. Co., 273 U. S. 207, 47 S. Ct. 357; 71 L. Ed. 612, which recognizes the right of a court of admiralty in such a proceeding as this, upon denial of the statutory right of limitation, to proceed to the full satisfaction of claims which have been filed by judgments in personam against the owners not released by virtue of the statute.

Judge Learned Hand's opinion in The S. S. Hewitt clearly recognizes the right of a claimant to propound interrogatories to procure evidence in support of his claim as a claim, but he said: "However, since there was nothing left of the ship, and no freight, there was no res to distribute, and the answer as claim in the case at bar has no function whatever." The effect of the decision of the Supreme Court in the Hartford Accident Co. Case must, I think, be to overrule this statement, since upon denial of limitation the claimant may litigate in the admiralty court, and in that event his claim remains the pleading under which he must offer proof. Hence it necessarily follows that the claimant, in preparation for trial, is entitled to propound interrogatories in an effort to secure evidence in support of his claim, even though, in case limitation be granted, there will be nothing to distribute.

[2] Furthermore, a distinction is to be made between interrogatories which merely inquire for the particulars of the case alleged by the other side and interrogatories which call for evidence in support of the proponent's case. And it is always proper to require further particulars, as distinguished from evidence, even though the interrogatories relate to the adversary's case. Prince Line, Ltd., v. Mayer & Lage, Inc. (D. C.) 264 F. 856.

From what has been said it follows that interrogatories in such a case as this may properly be propounded by a claimant. Within what limits need not be determined. By failing to except the petitioner became obligated to answer, and on failing to answer is in default, and it is too late to urge exceptions to particular interrogatories at this time. Accordingly the motion is granted, and an order may be entered declaring the petitioner in default, and directing that the interrogatories be answered within 10 days.

Settle order on notice, at which time such provisions may be suggested as are deemed most fit to promote justice in this cause.