## Petition of NAVIGAZIONE LIBERA TRIESTINA.

District Court, E. D. New York. July 24, 1929.

No. 11354.

See, also, 33 F.(2d) 967, 34 F.(2d) 150.

Single & Single, of New York City (Carroll Single, of New York City, of counsel), for claimants.

Burlingham, Veeder, Fearey, Clark & Hupper, of New York City (John L. Galey, of New York City, of counsel), for petitioner.

GALSTON, District Judge. The petitioner excepts to interrogatories attached to claimants' answers.

From the pleadings it appears that a fire occurred on board the steamship Salvore at Genoa in June, 1926, resulting in damage to vessel and cargo and a destruction of part of the cargo. Claimants' cargo had been loaded at Philadelphia and New York for carriage to Mediterranean ports. Libels were filed in this district. The petition was filed to bring in all claims and to obtain exemption from liability, or in the alternative to obtain the benefit of the limitation statutes and an equitable distribution of the limitation fund.

Two answers were filed on behalf of different groups of claimants to the petition, to which interrogatories are attached, substantially the same in both answers, except as may be indicated hereafter.

It may be noted that in connection with the two libels filed, claimants propounded interrogatories which have been answered by the petitioner, so that the present interrogatories form the third set, and for that reason, if for no other, should be tested rigidly by the issues raised by the petition and answer.

The petition alleges that any damage sustained by the cargo was caused by fire, and that petitioner is exempted from liability by statute (46 U. S. Code, § 182 [46 USCA § 182]). The section reads as follows: "No owner of any vessel shall be liable to answer for or make good to any person any loss or damage, which may happen to any merchandise whatsoever, which shall be shipped, taken in, or put on board any such vessel, by reason or by means of any fire happening to or on board the vessel, unless such fire is caused by the design or neglect of such owner. (R. S. § 4282)."

The petition quotes paragraphs from the bill of lading, which include fire as among the exceptions relieving the owner from liability.

The petition further alleges that due diligence was exercised to make the steamship seaworthy and to have it properly manned, equipped, and supplied for the voyage, and claims the benefit of section 3 of the Harter Act (27 Stat. 445; U. S. Comp. St. §§ 8029–8035 [46 USCA §§ 190–195]).

The petitioner also claims that should it be found liable, damages paid to the claimants must be limited under Rev. St. §§ 4283, 4284, and 4285 (46 U. S. Code, §§ 183–185 [46 USCA §§ 183–185]) to the value of the vessel after the fire, which it is claimed did not exceed $34,530.14, plus the pending freight, which did not exceed $13,247.72, making a total of $47,777.86; and to obtain the benefit of the limitation statutes, the petition alleges that any loss, damage, or injury to the merchandise "was occasioned or incurred without the privity or knowledge of the petitioner," as it is only for damage so incurred that the petitioner may limit its liability.

The answers admit that the damage was caused by fire, deny the allegations of the petition on which exemption from liability and limitation of liability are claimed, and as affirmative claims and defenses allege:

(a) That the vessel was undergoing repairs at Genoa at the time of the fire, and that such repairs constituted a deviation from the agreed voyage.

(b) That the damage was due to the negligence of the petitioner and to the unseaworthiness of the steamer Salvore.

(c) That the voyage was delayed at Philadelphia and New York, that the vessel did not proceed directly to Genoa, and permitted dangerous and improper methods of repair, which in effect constituted a deviation from the contract of carriage and rendered the petitioner liable as an insurer.

As to the issues thus created by the pleadings, it would seem that the burden of proof is on the petitioner to establish:

(1) That the petitioner exercised due diligence to have the steamship seaworthy, properly manned and equipped for the voyage.

(2) That the damage was occasioned without the privity or knowledge of such owners.

On the other hand, the claimants have the burden of showing:

(1) That the fire was "caused by the design or neglect of such owner."

(2) That there was in fact deviation.

(3) That claimants, to the extent that they rely on the initial unseaworthiness of the vessel as causing the fire, must prove such unseaworthiness.

A helpful rule in respect to interrogatories is stated in The Hewitt (D. C.) 284 F. 911: "It is settled that interrogatories must be confined to evidence in support of the case of the side presenting them (Prince Line, Ltd., v. Mayer & Lage, Inc. [D. C.] 264 F. 856), and this is as true after the new admiralty rules as before."

In MacLeod & Co. Inc. v. United States (D. C.) 295 F. 432, it was said: "Interrogatories calling for evidence must be confined to testimony necessary to the proof of the libelant's case (Prince Line, Ltd., v. Mayer & Lage, Inc., [D. C.] 264 F. 856), and may not be used merely to fish into the evidence which the interrogated party may produce in support of its own allegations (The Princess Sophia [D. C.] 269 F. 651)."

Applying this and similar authorities to the interrogatories in question, we find:

In interrogatories 1 and 2, claimants seek detailed information as to whether, after a certain collision with another steamer, the Salvore was damaged in the particulars shown in a survey made at Philadelphia on May 3, 1926 (before the voyage in question herein), and except for the repairs made by the Morse Dry Dock & Repair Company in New York on May 12th, sailed from New York with collision damages unrepaired. Since claimants rely to some extent on the initial unseaworthiness of the vessel as causing the fire, they are entitled to know what collision damages, if any, remained unrepaired after the collision with the steamer Dorothy Luckenbach and before sailing from New York to Genoa, if such unrepaired condition was the subject of repairs by the Italian shipwright.

Interrogatories numbered 3, 4, 5 (a), 5 (b), 5 (c), 5 (d), 6, 7, 14, 15, 16, 19, 20, 28, 29, 30, 31, 32, and 33 are objectionable. Several of them, as for example interrogatory 3, seek information as to matters involving the defense of lack of "privity or knowledge" under the limitation statutes. Since the burden of sustaining such lack of privity or knowledge is on the petitioner, such interrogatories cannot be sustained.

Interrogatory such as 4, "Was any flame used in effecting the temporary repairs aboard the 'Salvore' in New York?" is immaterial.

This is quite different from interrogatory 5, which is a proper interrogatory, demanding information as to whether any flame was used in effecting repairs at Genoa.

Interrogatory 20 is clearly objectionable, in asking of the petitioner what the port regulations of Genoa were.

Interrogatory 28, "Does the petitioner elect to come under the laws of the United States relative to limitation of liability herein?" is an unnecessary question, the answer to which is, of course, given by this very proceeding itself.

Interrogatory 29, attached to the answer of Lamborn & Co. et al., is objectionable, as calling for "a copy of all writings relative to the repairs in which the 'Salvore' was engaged in Genoa," since letters, correspondence, and papers bearing on issues in the case between one of the parties and its agents are not properly the subject of interrogatories. The Princess Sophia (D. C.) 269 F. 651; Havermeyers, etc., v. Compania Transatlantic Espanola (D. C.) 43 F. 90; and Wright v. Dodge Brothers (D. C.) 300 F. 455.

The same authorities are relied on to exclude interrogatory 3. The same comment may be made of interrogatory 33 in the answer of United States Steel Products et al.

Interrogatories 29, 30, 31, and 32 are wholly immaterial under the issues herein.

Inasmuch as the court on a motion recently made by the claimants will order an assignment to the commissioner or trustee of any claim which the petitioner may have against Cantiera del Terrino, interrogatories 13 and 33(a) become unnecessary.

Except as herein noted, the exceptions to the interrogatories are therefore sustained. Settle order on notice.