## JENSEN v. SINCLAIR NAV. CO.
### No. 228.

District Court, S. D. Texas, Houston Division.
Dec. 31, 1931.

Sanders & Mandell, of Houston, Tex., and Harris & Watkins, of Galveston, Tex., for libelant.

James L. Shepherd, Jr., John T. Maginnis, and Baker, Botts, Andrews & Wharton, all of Houston, Tex., for respondent.

KENNERLY, District Judge.·

Libelant sues respondent by libel in personam filed October 13, 1931, for damages for alleged personal injuries. Libelant's allegations are that such injuries were sustained while he was a seaman on the steamship E. R. Kemp owned and operated by respondent, while at sea between May 10, 1931, and May 21, 1931, by libelant slipping and falling and injuring his leg, while painting, under orders, the walkway or gangway of the steamship from the bridge to the forecastle referred to by seaman as the "flying bridge."

October 28, 1931, respondent answered, in effect denying the allegations of libelant, also alleging that, if libelant's leg was injured, the condition thereof complained of by libelant (if such condition exists) is due to the fault and neglect of libelant in failing to report his injury to the master of the ship, thereby permitting it to be treated, and in failing to exercise ordinary precaution before so reporting his injury and after being discharged from the hospital, and not to the negligence of respondent, etc. Respondent annexes to, and files with, its answer seventeen interrogatories addressed to libelant. A copy of such interrogatories was served upon libelant's proctor October 28, 1931. On November 13, 1931, libelant filed objections to such interrogatories, praying that he be not required to answer them. On November 18, 1931, respondent filed motion . to strike out or overrule such objections, and this is a hearing on such motion.

1. The first ground of the motion is that libelant's objections to such interrogatories

were not filed within two weeks after libelant was served with copy thereof, as required by District Court rule 11. The two-week period expired November 11, 1931, and the objections were filed November 13, 1931, two days late. Libelant's excuse is illness of counsel. This rule should not be strictly construed. The objections will be considered.

2. The second ground of the motion brings forward for decision the question of whether, under the admiralty practice and rules, respondent may require libelant to answer the interrogatories, all, or some of them. The decision of the question seems to be largely within the sound discretion of the court, and the difficulty seems, not so much to be to state the law, as to apply it to the varying facts in each case.

■ It seems settled that interrogatories may be propounded in cases of this character by one party to the other, to amplify the pleadings and discover the nature of the action or defense of the other; and/or to support the interrogating party's case or defense. Such defense must be of an affirmative character; i. e., such as avoidance, counterclaim, offset, etc., and the party asserting same must have the burden of proof thereon. Such interrogatories may not be used by one party to obtain from the other the evidence upon which such other relies to support his case. In other words, interrogatories may not be used to cross-examine the opposite party. Some of the authorities refer to such use as a "fishing excursion." Rules 27, 30, 31, and 32 of new Admiralty Rules (28 USCA § 723); Hughes' Federal Practice, Jurisdiction and Procedure, §§ 4772, 4773 and 4774; The Teaser (D. C.) 188 F. 721; Erie & Western Transportation Co. v. Great Lakes Towing Co. (D. C.) 184 F. 349; International Banking Corporation v. U. S. (D. C.) 19 F.(2d) 628; The Forest T. Crosby, The Hornet, The Wilson (D. C.) 34 F.(2d) 719; The City of Taunton (D. C.) 11 F.(2d) 285; The Santiago (D. C.) 21 F.(2d) 78; De Souza v. Dollar S. S. Line (D. C.) 292 F. 490; The Santa Teresa (D. C.) 21 F.(2d) 77; The Baker Palmer (D. C.) 172 F. 154; Prince Line, Ltd., v. Mayer & Lage (D. C.) 264 F. 856; Coronet Phosphate Co. v. U. S. Shipping Co. (D. C.) 260 F. 846; The Mexican Prince (D. C.) 70 F. 246; Chirurg v. Knickerbocker Steam Towage Co. (D. C.) 177 F. 943; Petition of Navigazione Libera Triestina (D. C.) 34 F.(2d) 152; The S. S. Hewitt (D. C.) 284 F. 911; The Princess Sophia (D. C.) 269 F. 651; The Fred B. Dalzell (D. C.) 11 F.(2d) 378; Benedict (5th Ed.) § 340.

■ Applying these rules to the interrogatories in this case, I find that libelant's answers to interrogatories 4, 5, 6, 7, and 8 will probably be material and bear upon the affirmative claim of respondent (under which respondent has the burden of proof) that the condition of libelant's leg is due to his own negligence prior to going to, and since he left, the hospital. These interrogatories are as follows:

"4. State in detail what examinations were made of your right leg, when with reference to the date of the alleged injury such examinations were made, and by whom, and what treatment was given to your right leg by yourself or by anyone else, while you were on board the SS E. R. Kemp, stating the names of any others than yourself who gave you treatment, and the dates on which said treatment, if any, was given.

"5. State in detail what examinations have been made of your right leg and what treatment has been given your right leg by yourself, by a doctor, or by anyone else since the date of your discharge from the SS E. R. Kemp, at Galveston on May 21, 1931, down to the present date. Name the doctors or other persons who gave you such treatment or made such examinations and state on what dates said treatment was so given, or said examinations were so made. If any examinations have been made by any doctor, annex a copy of the doctor's report of his findings to your answer to these interrogatories. If you are unable to produce and annex such copy of doctor's reports, then state the substance thereof.

"6. State in detail, setting out the approximate date, your whereabouts from the time you were discharged from the SS E. R. Kemp at Galveston on or about May 21, 1931, down to the present date.

"7. Is it not a fact that you worked on board the SS E. R. Kemp from May 12, 1931, the date of the injury, to about May 19, 1931?

"8. Is it not a fact that you have worked during the interval between May 21, 1931, and the present date? State in detail what you were doing during that period, and when, where and for whom you were working, if you have worked at all during that period."

■ The balance of the interrogatories call for answers not necessary to disclose libelant's case and aid his pleadings, but which would disclose the facts upon which he re-

lies to recover, most of which facts are already known to respondent. These are:

"9. Is it not a fact that you have not been incapacitated from walking or otherwise at any time from the date of the alleged injury to your right leg down to the present date due to the alleged injury to your leg? If you have been incapacitated in any manner during this period due to the alleged injury to your right leg, state in detail the manner in which you were incapacitated and the duration thereof.

"10. Is it not a fact that the pipes at the place you were standing at the time of the alleged injury were not slippery? If they were slippery state in detail in what way they were slippery.

"11. Is it not a fact that the pipes on which you were standing at the time of the alleged injury furnished you a substantial footing? If they did not, state in what way they did not.

"12. Is it not a fact that other seamen were working with you in painting the 'flying bridge' and were in about the same position as yourself, and were doing work in the same manner that you were, and that none of them were hurt?

"13. State the names of each seaman doing work painting the 'flying bridge' on the day you were injured.

"14. Is it not a fact that it is customary to remove the planks and the railing from the 'flying bridge' when painting the longitudinals, stringers of the bridge and the pipes beneath, and that it is necessary to remove them in order to paint these longitudinals and stringers of the bridge and the pipes beneath.

"15. Is it not a fact that in painting longitudinals, and stringers, of the 'flying bridge', and the pipes beneath, that it is customary for the man painting to stand on the pipes below the bridge, without any planks being placed thereon, which form almost a solid foundation and give ample footing?

"16. Describe in detail the structure of the 'flying bridge' and the number and size of the pipes beneath it and their location, and point out in what manner such 'flying bridge' with the planks removed therefrom and the pipes below exposed is not a safe place for one working in painting the longitudinals and stringers of the bridge and the pipes beneath.

"17. Is it not a fact that the 'flying bridge', longitudinals, stringers and the pipes beneath are often and customarily painted while the ship is at sea?"

Respondent's motion will be sustained, and libelant's objections overruled, as to interrogatories 4, 5, 6, 7, and 8, and libelant will be required to answer same by January 20, 1932. Respondent's motion will be overruled, and libelant's objections sustained, as to the balance of the interrogatories.

Let an order be drawn accordingly.