## THE CECILIA.

### Petition of WHITE STACK TOWING CORP.
### No. 1052.

United States District Court
E. D. South Carolina, Charleston Division.

Oct. 4, 1951.

---

1. Repealed by Act of May 5, 1950, c. 169, § 14, 64 Stat. 147, repeal effective May 31, 1951.

2. Ibid.

3. Ibid.

4. Ibid.

5. Ibid.

244

Mitchell & Horlbeck and Julian Mitchell, Jr., all of Charleston, S. C., for petitioner.

Peter S. Gernavage, Savannah, Ga., Malcolm E. Crosland, Charleston, S. C., for defendant.

WARING, Chief Judge.

The tug Cecilia had a boiler explosion on or about November 19, 1950. The tug, itself, was seriously damaged and two crew members, namely, Charles D. Sweatman and Edward C. Myatt, received injuries from which they died. A petition was filed within the appropriate time by the White Stack Towing Corporation, the owner of the Cecilia praying for limitation of liability and calling for claims. Claims for the death of the two above named parties have been filed and appraisement has been made of the salvaged tug.

 Interrogatories have now been filed by the Administratrix of the estate of Sweatman and interrogatories have been filed on behalf of the petitioner addressed to the said administratrix. Proctors for the estate of Sweatman have filed general objections to the interrogatories propounded to them and take the position that interrogatories addressed to a claimant may not be propounded by a petitioner in limitation proceedings. Their position is that this is a special proceeding for limitation of liability and only that; and that the matter is not to be treated as if the claimant had filed an independent libel. It would seem that such a view was at one time generally accepted. See The S.S. Hewitt, D.C., 284 F. 911. However, it is apparent that the Admiralty law now takes a very different viewpoint of these matters. The Supreme Court of the United States had occasion to consider generally the relationship between a petition for limitation of liability and the ordinary procedure for the enforcement of claims. And in reviewing the whole matter in the case of Hartford Accident & Indemnity Co. of Hartford v. Southern Pacific Co., 273 U.S. 207, 47 S.Ct. 357, 71 L.Ed. 612, Chief Justice Taft points out that the Admiralty court, similar to a court of equity, may hear and decide all pertinent matters in issue. As a result of that case, I believe a fair statement of the law is that the Admiralty Court is now authorized to proceed to hear and adjudicate any and all matters arising out of injuries resulting to and from a catastrophe whereby a vessel is damaged and claims are filed against it or its owner. And whether the litigation be started by a petition for limitation of liability or whether proceedings be started by filing libels either in rem or in personam, all of these matters may be consolidated and heard together and the Court will pass upon the question of the limitation of liability and also adjudicate the various claims on their merits and direct disposition of proceeds or award judgment either in rem or in personam if such be appropriate.

 If this be the law, and I am convinced that it is and here so hold, then it follows as a matter of course that any parties in interest may propound appropriate interrogatories to adverse parties, since the use of interrogatories is merely a procedural adjunct to the proper determination of the cause. This view is supported by an opinion by Judge Thatcher in The Santiago, D.C., 21 F.2d 78.

Accordingly, all objections and exceptions to the interrogatories propounded by the petitioner are overruled and the claimant, Vivian Sweatman as administratrix,

is directed to file answers to the said interrogatories. The time for filing and serving these answers is extended to November 1, 1951.

And it is so ordered.