## LA BOURGOGNE.

(District Court, S. D. New York. December 21, 1900.)

ADMIRALTY—SUIT FOR LIMITATION OF LIABILITY—PROCEDURE.

Where damage claimants have answered the petition of a shipowner for limitation of liability on account of the loss of the vessel with its passengers and cargo, alleging the negligence of the vessel and the privity of petitioner thereto, the court will not enter upon the consideration of the individual claims until it has determined the questions of liability affecting all claimants alike, unless the petitioner admits such liability in whole or in part, and, if in part only, shows that as to the residue of claims not admitted there can be no reasonable expectation of recovery under the law:

In Admiralty. Suit for limitation of liability. On motion by petitioner.

See 104 Fed. 823.

Jones & Govin, for petitioner.
Benedict & Benedict and A. Gordon Murray, for creditors.

BROWN, District Judge. Certain damage claimants having answered the petition in the above matter alleging negligence on the part of La Bourgogne, and in effect the privity of the petitioner in such negligence, the established order of proceeding requires that those questions which affect all the damage claimants alike, should be first determined in this court before it proceeds to take further proof of the damages upon the numerous individual claims presented. The petitioner on this motion asks that that order of proceeding be reversed. This should not be done, unless the petitioner admits its liability in whole or in part, and if in part only, shows upon the motion that as to the residue of the claims not admitted there can be no reasonable expectation of recovery, according to the prior adjudications of the supreme court. The motion papers are not sufficient to meet this requirement. Upon the argument, it was suggested by the petitioner's counsel that in lieu of an express admission of liability, it might prefer to make a tender of so much of the damage claimants' demands as upon its view of the law, could by any possibility be recovered, in order to avoid protracted, useless and expensive litigation. After the lapse of a month, however, the motion papers not being supplemented by any such offer or tender, it is better that the pending motion should be denied for the present, without prejudice to a renewal of the motion upon such tender and deposit, if the petitioner is so advised.

Motion denied.