## THE HENRY S. GROVE.

(District Court, W. D. Washington, S. D. February 27, 1923.)

Nos. 3802, 7017.

1. **Maritime liens** &#x229C;28—**Conditional sale contract held not to authorize liens against vessel.**

A conditional contract for the sale of a vessel did not, by a provision that the buyer should discharge any liens against the vessel within 15 days, grant the buyer power to impose liens on the vessel, where that was contrary to the intention of the parties, as manifested by a requirement that the buyer should carry a certified copy of the agreement and take such other appropriate steps as would give notice that he has no authority to suffer a lien to be imposed on the vessel, but was inserted in recognition of the fact that under certain circumstances those dealing with the ship would have a lien, despite the terms of the contract.

2. **Admiralty** &#x229C;75—**Interrogatories not limited to matters in support of case or answer.**

Under Admiralty Rules 1921, rules 27, 30, 32 (267 Fed. xiii, xiv), relating to interrogatories, and especially rule 31, giving either party the right to

---

[1] Affirmed by the Circuit Court of Appeals, 284 Fed. 110.

require the personal answer of the other party or of its proper officer to all interrogatories propounded by him, which do not expressly provide, as did the old rules, that either party might require disclosure of matters touching the case or defense of the opposite party, but which indicate an intention to give the court a wider discretion in requiring disclosures, the interrogatories in admiralty are not limited, as are those under equity rules, in so far as complainant is concerned to those matters material to his case, and in so far as defendant is concerned to matters material to his defense.

In Admiralty. Libel by the Standard Oil Company against the Henry S. Grove, in which the North Coast Stevedoring Company and another intervened. On exceptions of libelant and intervening libelants to the interrogatories propounded by the respondents, and on exceptions of intervening libelants to the answer of respondent. Exceptions to the answer overruled, and exceptions to the interrogatories sustained in part and overruled in part.

See, also, 285 Fed. 60.

Battle, Hulburt, Gates & Helsell, of Seattle, Wash., for libelant.

Huffer & Hayden and G. H. Bucey, all of Seattle, Wash., for intervener North Coast Stevedoring Co.

Grosscup & Morrow, of Seattle, Wash., for intervener Matthew Coppolino & Son.

Thomas P. Revelle, U. S. Atty., and John A. Frater, Asst. U. S. Atty., both of Seattle, Wash., MacCormac Snow, Dist. Counsel U. S. Shipping Board, of Portland, Or., and Charles Allen, Asst. Dist. Counsel U. S. Shipping Board, for respondents.

CUSHMAN, District Judge. This matter is before the court upon exceptions of libelant and intervening libelants to the interrogatories propounded by respondent and on the exceptions of intervening libelants to the answer of respondent.

[1] The intervening libelants attempt to distinguish the contract for the sale of the Henry S. Grove from that before the court in the case of U. S. v. Carver (In re S. S. Clio and Morganza) 43 Sup. Ct. 181, 67 L. Ed. 214 (decided by the Supreme Court January 2, 1923), pointing out that, in the Carver Case, the contract denied to the buyer—

"the right, power or authority to suffer or permit to be imposed on, or against the vessel, any liens or claims which might be deemed superior to, or a charge against the interest of the seller in the vessel. * * *"

In the contract in the instant case, the language is:

"(d) The buyer shall not suffer to be continued any lien or charge having priority to or preference over the title of the seller in the vessel, or any part thereof, but will in due course and in any event within fifteen (15) days after the same becomes due and payable, pay or cause to be discharged or make adequate provision for the satisfaction or discharge of all lawful claims or demands which might in equity, in admiralty or at law or pursuant to any statute have precedence over the title of the seller as a lien or charge upon the vessel or any part thereof, or cause the vessel to be released or discharged from any lien therefor. * * *"

It is contended that the decision in the present case should follow that in The South Coast, 251 U. S. 519, 40 Sup. Ct. 233, 64 L. Ed. 386,

affirming the Circuit Court of Appeals, 247 Fed. 84, at page 89, 159 C. C. A. 302, and the District Court, 233 Fed. 327, at pages 328 and 329. If the foregoing provision of the contract stood alone, it might be held to constitute a grant of power to impose liens upon the vessel, yet it cannot here be so held, because of other terms in the contract:

"The buyer agrees: * * * (g) To carry a properly certified copy of this agreement with the ship's papers and to take such other appropriate steps designated to it by the seller from time to time as will give notice to the world that the buyer has no right, power, nor authority to suffer or permit to be imposed on or against the vessel any liens or claims which might be deemed superior to or a charge against the interest of the seller in the vessel."

The question as between the buyer and seller is one of intention, and the foregoing shows that the parties understood, and therefore intended, a denial of such power. The provisions of paragraph 6 and subsections (c) and (i) of paragraph 7 of the contract recognize the fact that, by the maritime law, under certain circumstances, those dealing with the ship will have a lien, despite the terms of the contract. These contract provisions are not a grant of power to the buyer to impose a lien, but rather a requirement that the buyer shall promptly discharge such liens as the law may impose and secure the seller against such liens. The exceptions will be overruled.

[2] Under the Admiralty Rules of 1921, rule 30 (267 Fed. xiv), either party may except to answering any interrogatory where the answer would tend to expose him to prosecution, but under rule 27 (267 Fed. xiii) he may also except to interrogatories because not deemed relevant or competent. By rule 32 (267 Fed. xiv) either party may ask discovery of any document relating to any question or matter in dispute. By rule 31 (267 Fed. xiv) it is provided:

"Either party shall have the right to require the personal answer of the other party or of its proper officer on oath or solemn affirmation to all interrogatories propounded by him, it, or them, in the libel, answer or otherwise as may be ordered by the court on cause shown and required to be answered."

By the old rule 23 (29 Sup. Ct. xli) it was provided:

" * * * And the libelant may further require the defendant to answer on oath all interrogatories propounded by him touching all and singular the allegations in the libel at the close or conclusion thereof."

By old rule 27 (29 Sup. Ct. xlii) it was provided:

That the "answer * * * shall answer in like manner each interrogatory propounded at the close of the libel."

By old rule 32 (29 Sup. Ct. xlii) it was provided:

"The defendant shall have a right to require the personal answer of the libelant upon oath or solemn affirmation to any interrogatories which he may, at the close of his answer, propound to the libelant touching any matters charged in the libel, or touching any matter of defense set up in his answer, subject to the like exception as to matters which shall expose the libelant to any prosecution or punishment, or forfeiture, as is provided in the thirty-first rule."

While the new rules do not expressly provide that either party may require disclosure of matters touching the case or defense of the opposite party, yet there is nothing in the new rules to show that it was

intended to deny such right provided by the old rules, but rather that the court was given a wider discretion in requiring disclosures on such points. New rule 32 seems to sanction this view. The Admiralty Rules in this particular differ from equity rule 58 (198 Fed. xxxiv, 115 C. C. A. xxxiv) which is open to the construction that the right of disclosure is confined in so far as complainant is concerned to those matters material to the support of complainant's case, and in so far as defendant is concerned to those matters which are material to the defense made, that is a construction that may not have obtained in all cases. J. H. Day Co. v. Mountain City Mill Co. (D. C.) 225 Fed. 622–624.

The reason for the broader right in this respect given by the Admiralty Rules may, in part, rest upon the fact that the testimony of those witnesses upon the ship having knowledge of the transaction may be lost to either side by reason of the nature of the employment and the roving manner of life of the ship's crew—a reason upon which may also rest the requirement that suits against the United States, if "in accordance with the principles of libels in rem," shall be begun in the district where the vessel is found. Act March 9, 1920, §§ 2 and 3, 41 Stat. p. 526; Blamberg Bros. v. U. S., 43 Sup. Ct. 179, 67 L. Ed. ——, decided by Supreme Court January 2, 1923.

The exceptions of the libelant Standard Oil Company are overruled, except VIII and IX, which are sustained, and the exception to second interrogatory marked XVIII, which is overruled, except in so far as the inquiry goes to a contract with the Standard Oil Company in any other ports or places than San Francisco; as to that portion of the interrogatory the exception is sustained.

The exceptions of intervening libelant Matthew Coppolino & Son to the interrogatories propounded by respondent are overruled, except as follows: Nos. 6, 8, and 23 are sustained. Nos. 25 and 26 are overruled, except as the interrogatories require the intervening libelant to give a list of the stevedoring services of any other of its offices than its offices in Philadelphia, and are sustained as to such matter.

The exceptions of intervening libelant North Coast Stevedoring Company to the interrogatories propounded by respondent are overruled, except as follows: Nos. 2, 7, 8, and 22 are sustained. No. 23 is overruled, except that intervening libelant will not be required to answer as to stevedoring services furnished by any one else than itself. Nos. 24 and 26 are overruled, except that intervening libelant will not be required to give a list of stevedoring services furnished by others than itself.