## THE COMMONWEALTH.

(District Court, E. D. New York. July 20, 1923.)

No. 5197.

I. Admiralty ⟨⟩75—Claimant of libeled vessel was required to answer interrogatories affecting speed and log entries (Admiralty Rule 26).

Claimant of steamship libeled for damages to tow of tug alleged to have been caused by swells of steamship passing at high speed was required to answer interrogatories affecting time when steamer passed various landmarks and log entries showing speed and other features of her navigation, where answer did not comply with Admiralty Rule 26.

2. Admiralty ⟨⟩75—Objection that exceptions to answers to interrogatories were not timely made held not available (Admiralty Rules 43, 44).

Objection that exceptions to answers to interrogatories were not made within four days, as required by Admiralty Rules 43, 44, held not available when not presented by argument when motion to require answers was heard.

In Admiralty. Libel by O'Brien Bros., Inc., against the steamer Commonwealth; the New England Steamship Company, claimant. On libelant's application for order requiring claimant to answer interrogatories attached to libel. Application granted.

Foley & Martin, of New York City (George V. A. McCloskey, of New York City, of counsel), for libelant.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City (W. H. Arnold, of New York City, of counsel), for claimant.

GARVIN, District Judge. [1] This is an application by the libelant for an order requiring the New England Steamship Company, the claimant of the steamship Commonwealth, to answer interrogatories 2, 3, and 4 attached to the libel. These interrogatories are as follows:

"2. State at what hour the Commonwealth arrived at New York, on the morning of August 23, 1922. Annex a copy of the log of the Commonwealth showing the minute or time when she passed various landmarks and at what time such passing was noted on the trip from Fall River to New York on August 22 to 23, 1922.

"(3) Produce a copy of the engine log of the Commonwealth showing all stops, slow downs and other features of her navigation on the trip from Fall River to New York, August 22 to 23, 1922.

"(4) State at what time on the morning of August 23, 1922, the Commonwealth passed Rikers Island and what time she passed through Hell Gate on said trip."

The libel is filed to recover for damage to the Towerlight, one of four boats in tow of the tug Henry O'Brien, caused by swells from the steamship Commonwealth, which it is claimed passed the tug at high speed near Hell Gate Bridge. The time set forth in the libel was August 23, 1922, between 4 and 7 a. m. Libelant's brief states that libelant intends to prove that the damage occurred between 6 and 7 a. m. The answer is a general denial and an assertion of negligence both

on the part of the Towerlight and of the tug O'Brien. It does not comply with General Admiralty Rule 26, in that it fails to set forth exactly what the claimant contends. Several states of fact could be proved under the answer. The general rule here controlling is well summarized in the case of The Mexican Prince (D. C.) 70 F. 246. The opinion reads, in part:

"In any rational system of pleading, it is essential that the subject of litigation shall be reasonably defined, in order that the parties may know what they have to meet, that the case may be presented with intelligence, and the record restricted within appropriate limits, and useless expense avoided. It is the duty of the court to promote this end in all appropriate ways, in furtherance of justice, in pursuance of rule 46 and section 918 of the Revised Statutes [Comp. St. § 1544].

"A partial remedy may, I think, be appropriately sought by interrogatories annexed to the answer, as in this case. Rule 32 authorizes such interrogatories 'touching any matters charged in the libel, or touching any of the matters set up in the answer.' Such interrogatories, derived from the practice of the civil law, are designed to supersede the necessity of proof, and to bring out distinctly before the court the point on which the defence or claim is intended to be rested."

The memorandum filed by the claimant refers to the Baker Palmer (D. C.) 172 F. 154 and the Princess Sophia (D. C.) 269 F. 651. These do not appear to be in point, except indeed that in the latter case the log was ordered produced.

[2] Claimant also points out that exceptions to answers to interrogatories must be filed within four days, Admiralty Rules 43, 44, that the claimant answered interrogatories, and that no exceptions were filed. This point was not raised at the argument, and if there is any merit in the contention, the point should have been presented when the motion first came on to be heard.

The claimant will be required to answer the interrogatories.