## THE CITY OF TAUNTON.

(District Court, E. D. New York. December 22, 1925.)

No. 8370.

Admiralty ⟨⇒64—Interrogatories propounded by libelant held not subject to exception as "fishing bill."

Where libelant alleged that libeled steamer proceeded at excessive speed very short distance from end of pier, thereby causing extraordinary heavy swells and damaging lighter, interrogatories as to steamer's location, speed, and log entries, *held* not subject to exception as "fishing excursion."

In Admiralty. Libel by Thomas J. Howard, as owner of the lighter G. Rowe, against the steamer City of Taunton. On exceptions to interrogatories propounded by plaintiff. Exceptions overruled.

Macklin, Brown & Van Wyck, of New York City, for libelant.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City, for claimant.

CAMPBELL, District Judge. This matter comes before the court on the hearing on exceptions to interrogatories propounded by the libelant to be answered by the claimant.

The interrogatories are as follows:

"1a. State whether or not the steamer City of Taunton proceeded up the East River, passing the foot of Grand street in Brooklyn on the afternoon of May 25, 1925.

"1b. Attach a copy of the log of the steamer City of Taunton on May 25, 1925, from 12 noon until 2 p. m. on said day.

"2. State in knots per hour the rate of speed at which the City of Taunton passed Grand street, Brooklyn.

"3. State how far off the end of the piers near Grand street, Brooklyn, the City of Taunton navigated on the said day.

"4. Attach a copy of the log of the steamer City of Taunton showing the action of her engines between the time she entered the East River on May 25, 1925, and the time she passed Hell Gate.

"4b. State when and by whom the entries on this log were made, and if made from a rough log, attach a copy of the rough log."

The third article of the libel reads as follows: "Third. On information and belief that on or about the 25th day of May, 1925, at 12:20 p. m. the steamer City of Taunton proceeded up the East River by the foot of Grand street, Brooklyn, at an excessive rate of speed within a very short distance of the end of the pier, thereby causing extraordinarily heavy swells, which caused the lighter C. Rowe, which was lying properly moored to the pier, to pound with such violence against the dock that the mast was broken and caused to fall to the deck, doing considerable damage to the said lighter."

The third article of the claimant's answer denies the matters alleged in the third article of the libel.

It thus appears that the libelant must prove that the City of Taunton passed Grand

street on the afternoon of May 25, 1925, that her speed was excessive, and that she passed but a short distance off the pier ends.

The interrogatories are thus directed to matters which libelant will be required to prove, and libelant having alleged upon information and belief that the injuries to his boat were caused by the City of Taunton on that day, therefore the libelant cannot be said to be "on a fishing excursion."

The exceptions are overruled, on the authority of O'Brien Bros. v. Commonwealth (Admiralty No. 5197, U. S. D. C., E. D. of N. Y., opinion of Garvin, J., dated July 20, 1923), 11 F.(2d) 284; Book No. 57 of Opinions; The Henry S. Grove Consolidated Cases (D. C.) 287 F. 247, 1923 A. M. C., 366, at page 368.