## THE SANTA TERESA.

## THE ASHBEE.

District Court, E. D. New York. May 17, 1927.

**Admiralty ⊕64—Interrogatories requiring respondents to state ownership of lighters into which damaged sheepskins were unloaded, description, and dates of unloading held proper.**

In a suit to recover for damage to a shipment of sheepskins, which were unloaded into lighters and transferred to ships of respondents in Valparaiso, interrogatories requiring respondents to state whether they owned or controlled the lighters, to name and describe the same, to give the dates when the skins were discharged into them, and state how long they remained there before being placed on the ships, held pertinent and proper.

In Admiralty. Suit by the Winslow Bros. & Smith Company against the steamships Santa Teresa and Ashbee and others. On exceptions to interrogatories. Overruled, as amended, but sustained, if libelant prefers to stand on interrogatory in original form.

Harry D. Thirkield, of New York City, for libelant.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City, for respondents.

INCH, District Judge. Exceptions to interrogatories. Libelant has brought suit against several respondents to recover damage to certain sheepskins shipped from Punta Arenas to Valparaiso, and thence to Boston. It alleges that the sheepskins, in good order and condition when they were placed on

board a steamship at Punta Arenas, presumably reached Valparaiso in the same condition, and at the latter port were delivered to the steamships Santa Teresa and Ashbee, carried by these ships to the port of New York, and at such port loaded on board certain other steamships and thus reached Boston. Libelant evidently intends to limit the place of damage to Valparaiso Harbor, or on board the steamships Santa Teresa and Ashbee, for it states in paragraph 17 of the libel that it "will discontinue without cost or expense as to any respondent" which did not either own, operate, charter, or control either these two steamships or any of the scows, barges, or lighters on which the skins were stowed in Valparaiso Harbor.

This motion arises, therefore, in connection with the ownership or control, etc., by the respondents, or any of them, of either the steamships or the lighters. As to the steamships, the answers of the respondents admit that the respondent Grace Line Company at the time owned the steamship Santa Teresa, and that the respondent Grace Line at the time was the charterer and operator of that steamship, as well as of the steamship Ashbee. It is also admitted that respondent W. R. Grace & Co. was the time charterer of the steamship Santa Teresa.

The question, therefore, narrows down to the control and ownership of lighters at Valparaiso Harbor. It can be understood that libelant is reasonably ignorant of such owners, etc. Accordingly it has addressed six interrogatories to the respondents, by which it seeks to find out from them who owned these lighters, the names and description of same, the date or dates when the skins were discharged upon the lighters, how they were discharged, and how long they remained thereon before they were placed on board the Santa Teresa and the Ashbee.

Respondents excepted to each of these interrogatories. The burden resting on libelant has a great deal to do with the decision of such questions, whether it is a question of amplification of a pleading or procuring evidence in support of a claim or defense. Fishing expeditions are not uncommon and should be avoided.

Particulars such as dates, places, the agents who acted, so that a party may prepare to present his own evidence, even if such facts relate to another party's case, are usually allowed. Prince Line v. Mayer (D. C.) 264 F. 856. I think, therefore, that the second, third, fourth, fifth, and sixth interrogatories come within this rule and should be allowed. Exceptions to these are overruled.

It should be stated, however, as it may not be possible for the respondents to supply a builder's plan of said lighters, or describe them in detail, that, if this is so, the statement of such inability in this particular, should be sufficient.

This leaves the first interrogatory. Libelant therein asks: "State what company or individual owned the scows or lighters on which the skins were stowed while they were in Valparaiso." Taking this interrogatory as it stands, I think the respondents would be within their rights in not answering same. It would be immaterial in this suit to simply find out who owned the lighters. For a libelant to sue a respondent simply to find out a party that he should have sued is making unnecessary trouble for parties and should not be encouraged. However it was plain, on the argument, that what libelant is really seeking is whether or not the respondents, or any of them, at the time in question, owned, operated, or controlled any or all of these lighters, etc.

This would seem to me to be necessary and proper information for libelant to have for the purposes of this trial, and consequently I shall consider the interrogatory amended to so read, and in this amended form overrule the exception and direct that it be answered. If the libelant prefers to stand upon its interrogatory as framed, I must sustain the exception, with leave, however, to libelant to file another interrogatory in any form it deems best, and without prejudice to a further decision thereon by this or another court, upon exceptions thereto.