## THE F. G. M. NO. 22.

### FLANNERY, GUINAN & MORAN, Inc., v. NEW YORK CENT. R. CO.

District Court, E. D. New York.

Oct. 29, 1928.

See, also, 40 F.(2d) 507.

William F. Purdy, of New York City, for libelant.

Bigham, Englar & Jones, of New York City (A. J. McElhinney, of New York City, of counsel), for respondent.

CAMPBELL, District Judge.

Hearing on exceptions to interrogatories propounded by respondent and addressed to libelant.

Respondent had the barge in question on charter, and an issue is raised as to the character of the charter, but, even if the allegations of the libel as to the character of the charter be accepted as true, the fact remains that the libelant chartered the barge, with a captain on board, and some liability rested on libelant for the acts of the captain.

■ If a prima facie case is made out by libelant, respondent has the burden of showing how the damage occurred.

■ If one of the purposes of allowing interrogatories is to limit the issues and the amount of proof, and it is (The Mexican Prince [D. C.] 70 F. 246, at page 248), then certainly respondent should not be required to prove everything that transpired with reference to the barge during the whole period of the charter, but the libelant, whose representative the captain was, in charge of the boat, should give the date when and the place where the damages were received.

This I think is in accord with the decision in Prince Line, Limited, v. Mayer & Lage, Inc. (D. C.) 264 F. 856.

In giving the date, libelant is not limited to one day, if the captain was absent from the boat for any length of time, but it will be sufficient to fix it between the time of his leaving and returning to the boat, and, if the damages were received when he was aboard, then it will be sufficient to show whether it was in the day or night time.

In giving the place it will be sufficient to generally fix the place, not necessarily to fix the particular berth, and the exception to the answer to the first interrogatory, as thus limited, will be sustained; but the exception to so much thereof as refuses the giving of the circumstances under which the damages were received will be overruled.

The exceptions to the answers to the second, third, and fourth interrogatories will be overruled.