## THE FOREST T. CROSBY. THE HORNET. THE WILSON.

District Court, W. D. Washington, N. D.
September 10, 1929.

### No. 12874.

Douglas T. Ballinger, of Everett, Wash., for libelant.

Stratton & Kane, of Seattle, Wash., for respondents and claimant.

NETERER, District Judge. The libelant excepts to interrogatories 6, 7, 8, 9, 10, 11, 12, 13, and 14 propounded by the respondent, in that it is a production of documents not proper under interrogatories under the admiralty rules and practice as to 6, 7, and 8, and that the matter inquired about is immaterial and irrelevant; not proper under the admiralty rules and practice, nor pertinent to the cause of action or the defense, as to the remaining exceptions.

Interrogatory 6: "Was a deck log of the Sunewco kept for the dates January 18 and

January 19, 1928, and, if this question is answered in the affirmative, then attach a copy of such log for the period between the time the Sunewco left a point near Webster's Point in Lake Washington and until she reached Pier No. 41?"

Interrogatory 7: Same interrogatory with relation to the engine log.

Interrogatory 8: "State when and by whom the entries in the logs above mentioned were made."

Interrogatory 9: "Did the master of the Sunewco make a written report dated January 16, 1928, addressed to United States Local Inspectors, Steamboat Inspection Service, of the steamship Sunewco's voyage," etc.?

Interrogatory 10: "If so, attach copy of such report."

Interrogatory 11: "Did the master submit to the United States Steamboat Inspection Service, Local Inspector's Office, a report dated January 19, 1928, on the grounding of the Sunewco in the Lake Washington Ship Canal on January 18, 1928, at about 4:23 p. m.? "

Interrogatory 12: "If so, attach copy of report."

Interrogatory 13: "Did the master make a written report respecting the Sunewco encountering shoal water and the grounding of the boat on January 18, 1928, near red spar buoy No. 6? "

Interrogatory 14: "If so, attach copy of the report."

It is contended that this court in The Princess Sophia, 269 F. 655, determined these exceptions in favor of the libelant. The issue then presented was under the old admiralty rules (decision filed October 23, 1920). The new admiralty rules were promulgated December 16, 1920, to take effect March 7, 1921. What, if any, enlarged right is given under the rules with relation to interrogatories, is not necessary to determine. That the right of inquiry under the new rules has been enlarged, I think, is recognized by the courts. The purpose of the rules is no doubt to simplify discovery of facts, with a view of ascertaining the truth, in the furtherance of justice in as economical fashion as will safeguard the rights of the litigants. The conduct of the steamship and the tugs is the issue at bar, each contending fault of the adversary. What was done by the parties within the requirements of law—acts and words so closely connected with the issue—would no doubt aid the court in finding the main fact and determine the right.

Interrogatories 6, 7, and 8 do not bear the relation to documents in the sense contemplated by the law or court rules, but rather a statement of facts as they occurred at the time, having relation to the issue made by the libelant and the answer. The log would necessarily have to be accounted for at the trial, the nonproduction explained, and no good reason appears under the new admiralty rules why, upon the issue before the court, the log may not be required by interrogatories. See The Commonwealth (D. C.) 11 F.(2d) 284; The City of Taunton (D. C.) 11 F.(2d) 285; The Henry S. Grove (D. C.) 287 F. 247.

In The Princess Sophia the log was ordered produced at the trial. It was not produced. It was shown that it was not found, and, presumably, sunk with the ship.

The exceptions to interrogatories 6, 7, and 8 are denied. Exceptions 9, 10, 11, 12, 13, and 14 are sustained. If a report was made to the local steamboat inspectors, or inspector service, it is, if competent, available to the claimant, and is not in the possession of the libelant, and it is not a matter in issue, but merely a report of a prior circumstance or circumstances and conditions or conduct.