## THE HENDRICK HUDSON.

### HONOLULU S. S. CO., Limited, v. HUDSON RIVER DAY LINE.

#### No. 12842.

District Court, E. D. New York.
July 5, 1932.

Crane, Inness & Arnold, of New York City, for libelant.

Hatch & Wolfe, of New York City, for claimant-respondent.

MOSCOWITZ, District Judge.

This is a motion by the claimant respondent to discover and examine the logbooks of the steamship Commercial Guide and all reports made to the libelant by the master of the Commercial Guide in the regular course of his employment, with reference to the damage to the Commercial Guide on or about August 8, 1931.

The damages are alleged to have been caused by suction and swell created by the steamer Hendrick Hudson, which caused the Commercial Guide to ride and surge and part her mooring lines.

It is claimed that the Hendrick Hudson was at fault in proceeding at a fast rate of speed, failing to have competent persons in control of her, and failing to have a lookout.

The answer admits that the Hendrick Hudson passed off the wharf at which the Commercial Guide was docked, but denies that it created suction and swell resulting in damage to the vessel. It further alleges that the vessel was improperly wharfed, that the mooring lines were insufficient, old, and defective, and that the vessel was being improperly discharged and was in other respects unseaworthy.

The claimant-respondent seeks to examine the logbooks of the Commercial Guide in order to ascertain the manner in which the vessel was discharged and whether proper ballast was in the vessel at the time the injuries are alleged to have occurred.

Rule 32 of the United States Admiralty Rules (28 USCA § 723) provides: "After joinder of issue, and before trial, any party may apply to the court for an order directing any other party, his agent or representative, to make discovery, on oath, of any documents which are, or have been, in his possession or power, relating to any matter or question in issue. And the court may order the production, by any party, his agent or representative, on oath, of such of the documents in his possession or power relating to any matter in question in the cause as the court shall think right, and the court may deal with such documents, when produced, in such manner as shall appear just."

Discovery limits the issues and shortens the trial. Claimant-respondent is entitled to discovery of the engine-room logbooks and also any reports made to the libelant by the master of the Commercial Guide in the regular course of his employment. In re The President Adams (D. C.) 37 F.(2d) 102, 1929 A. M. C. 1691.

Libelant will not be required to furnish any report made by the master in preparation for a law suit.

Motion granted. Settle order on notice.