## THE NO. 17.
### Petition of ROSS.

District Court, E. D. New York. Oct. 17, 1932.

Alexander, Ash & Jones, of New York City, for petitioner.

Frederic B. Scott, of New York City, for claimants.

INCH, District Judge.

This motion is made by petitioner for an order directing that claimants file amended or supplemental claims. The petition is for limitation of liability. A commissioner was duly appointed and notice to file claims duly given. Within the time allowed one claimant, Zurawel, filed his claim and answered the petition. Within a little less than three months, the time to file claims having been so extended, fifty-one additional claims were filed with the commissioner. All the claimants are represented by the same attorney that represents Zurawel.

The report of the commissioner, filed October 7, 1932, and an examination of these claims by me, show a typewritten form of claim, similar in each case, representing apparently an active solicitation by somebody among persons living in the neighborhood of the operation of the dredge No. 17, owned by the petitioner, and which is the subject of the limitation proceedings.

All that these form claims state as the cause of the injury alleged to have been received by that claimant substantially that the said dredge was operated by petitioner and "that and through its fault, carelessness and negligence it damaged real and personal property of mine" (claimant), and that a certain amount, mentioned in each claim, is said to be the extent of the damages to claimant's "real and personal property" and "personal injuries"; the latter including loss of wages and amounts expended for medical services, etc.

The aggregate of these claims is a very large sum of money, some of the claims being for sums as high as $80,000; $5,000 seems to be the lowest of any claim.

I understood counsel for these claimants, on the argument, to admit that the claims should be amplified but that, inasmuch as the issue raised by the answer of Zurawel would be tried shortly, and, according to this counsel, this court would undoubtedly hold that it had no jurisdiction, he thought this motion should now be denied.

■ To be sure, this court will not enter upon the consideration of the individual claims until it has determined the question of liability affecting all claimants alike. La Bourgogne (D. C.) 106 F. 232.

Nevertheless the proper practice to be followed cannot thus be ignored. On this motion we are not considering the merits of the claims.

■ A claim is somewhat similar to a brief libel. Benedict on Admiralty (5th Ed.) vol. 1, § 512.

The rules of this court (Eastern District, Admiralty Rule 35) requires a claim to specify "the nature, grounds and items thereof, the dates on which the same accrue," etc.

■ While these brief claims would be sufficient unless objection thereto had been duly made (Admiralty Rule 35, Eastern District) in this case the commissioner reports that objections have been so filed.

Consequently, it has been necessary to consider the report of the commissioner, and the papers accompanying the same, as well as the motion papers now before me.

■ The petitioner simply asks that the address of each claimant be stated, the date of the injury, the nature and location of the personal and real property claimed to have been damaged, the extent of the personal injury alleged to have been sustained, the amount of money spent for doctors, the rental value of property injured and alleged to have been lost, etc. I do not think that any of these items are unreasonably requested.

Aside from the merits of the litigation, it seems to me plain that unless most unusual circumstances exist the claims here so generally made are extravagant and are set forth in a manner that will make difficult the investigation and decision of the commissioner should that time arrive as well as a proper defense by petitioner.

If they had been separate libels, interrogatories would have met the situation. As they are claims, and while no specific provision exists for bills of particulars, the request now made is in that nature, and may properly be granted, and in view of all the rather unusual circumstances should be granted now.

Accordingly, the motion of petitioner is granted.