THE BLACK EAGLE.

Petition of AMERICAN DIAMOND LINES, Inc.

No. 14194.

District Court, E. D. New York.
Aug. 15, 1934.

Barry, Wainwright, Thacher & Symmers and Hunt, Hill & Betts, all of New York City (Earle Farwell and John W. Crandall, both of New York City, of counsel), for petitioner.

Bigham, Englar, Jones & Houston, of New York City (T. Catesby Jones and W. J. Nunnally, Jr., both of New York City, of counsel), for claimant and respondent Scottish Co-Operative Wholesale Soc., Limited.

CAMPBELL, District Judge.

The petitioner excepts to interrogatories 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, and 12, propounded by respondent with its answer, and to each one of them, on the ground that said interrogatories are immaterial, irrelevant, improper, call for evidence that claimant is not entitled to obtain by way of interrogatories, and seek to obtain evidence on issues concerning which the burden of proof is not upon the claimant.

Petitioner for its answer to the sixteenth interrogatory refers to the first paragraph of article third of the petition, and for its answer to the eighteenth interrogatory refers to the log book of the Black Eagle, which has been submitted to counsel for the claimant.

This is a motion for an order overruling and striking out the said exceptions and directing petitioner to make personal answer under oath to the interrogatories propounded by claimant and respondent at the close of the answer.

The first ground of objection to the exceptions is their form, and it does seem to me that the usual and customary way under our practice, and the proper way to state exceptions, would be to state them separately, pointing out specifically the objection as to each specification.

■ I cannot, however, strike them out on that ground, and Erie & Western Transp. Co. v. Great Lakes Towing Co. (D. C.) 184 F. 349, cited by respondent, is not authority therefor, as in that case it was stated that each interrogatory was open to one or more of any number of objections, which required the party to whom they were addressed to determine which of the objections were claimed to apply. In the instant case but one set of objections is stated, and that set of objections it is claimed applies to each of them.

This case arises out of a collision between the steamship Black Eagle, owned by the petitioner, and the steamship Concordia, which occurred on March 5, 1934, in latitude 43 degrees 11 minutes north, longitude 59 degrees 11 minutes west. The Black Eagle sailed from Rotterdam, Holland, on February 24, 1934, bound for New York, and the Concordia sailed from Halifax, Nova Scotia, on March 4, 1934, bound for Glasgow, Scotland.

As a consequence of the collision, the Concordia was sunk, and, together with her cargo, became a total loss.

The claimant and respondent Scottish Co-Operative Wholesale Society, Limited, was the owner of the cargo laden on board the Concordia.

On or about April 16, 1934, the petitioner filed its petition herein claiming the benefit of limitation of liability provided in sections 4282 and 4286 (46 USCA §§ 182-186), inclusive, of the Revised Statutes of the United States, and the various statutes supplementary thereto and amendatory thereof.

In its petition, petitioner alleged that the value of the Black Eagle did not exceed the sum of $154,000.

On May 31, 1934, claimant and respondent Scottish Co-Operative Wholesale Society, Limited, duly filed its answer and, at the close of its answer, propounded the interrogatories in question, with others, there being nineteen in all, to be answered by the petitioner under oath.

Petitioner has answered the thirteenth, fourteenth, fifteenth, seventeenth, and nineteenth, and they are not in question.

Interrogatories first, second, third, fourth, fifth, sixth, seventh, and eighth, all call for information with reference to facts that might be of moment in determining the value of the steamship Black Eagle and these I will consider later. The ninth, tenth, eleventh, and twelfth interrogatories call for information as to the pitch of the propeller of the steamship Black Eagle, and the number of revolutions per minute of her propeller when the ship is running at full, half, and slow speeds.

■ This is a collision case. Claimant-respondent alleges that the steamship Black Eagle was proceeding at a high and dangerous rate of speed, and to sustain that allegation the information requested in said interrogatories ninth to twelfth, both inclusive, is properly and necessarily required. As to them the exceptions are overruled. The sixteenth interrogatory is a proper one, and should be answered. Claimant-respondent should not be required to draw inferences or deductions from the petition, but should answer the interrogatory.

The eighteenth interrogatory is a proper one, and should be answered directly and not by reference to the log.

We will now return to the consideration of the interrogatories first to eighth, both inclusive.

The claimant-respondent, by its answer, not only denies the right of the petitioner to limit liability, but denies that the value of the steamship Black Eagle, upon her arrival at New York after the collision, above mentioned, and at the end of the voyage on which the collision occurred, did not exceed the sum of $154,000, but affirmatively alleges that her true value was at least $260,000.

These inquiries are not similar to interrogatories respecting the amount of damage, and the cases cited by petitioner, the William Isom, 1927 A. M. C. 1775; President Cleveland, 1930 A. M. C. 1090; The Murrell (D. C.) 188 F. 727, 729, are not in point.

The interrogatories are not premature, on the ground that before the amount of the limitation fund becomes mature two other questions have to be decided; first, the merits of the collision, and, second, whether the owners of the Black Eagle are entitled to limit.

In the 84-H (C. C. A.) 296 F. 427, the question at issue here was not considered, and that decision is not in point.

The Hewitt (D. C.) 284 F. 911 at page 912, cited by the petitioner, instead of supporting its contention, is an authority in support of the contention of the claimant-respondent, as there District Judge Learned Hand said:

"Such proceedings are theoretically in two distinct and successive parts [La Bourgogne (D. C.) 106 F. 232; In re Davidson S. S. Co. (D. C.) 133 F. 411], and, while for convenience the pleadings are in part consolidated, they are usually tried together, though that need not be done (La Bourgogne, supra).

It is of consequence to clearness of understanding that they should be kept apart in the minds of pleaders. The first step is to determine whether the owner is entitled to limit his liability at all; the second presupposes his success in the first, and determines how far he is liable to respond to the claimant to the extent of what he surrenders. On the first he has the burden of proving all the necessary allegations; on the second the claimant has it. All the owner need show is that he is an owner, that he or his ship has been sued for some 'act, matter or thing, loss, damage or forfeiture,' and that this loss, if any, was 'done, occasioned, or incurred without the privity or knowledge' of himself. When he does this, his right to limit is established, and this stage of the proceedings theoretically ends. The rest is merely to ascertain the proper distribution of what he has brought into court and surrendered.

*"Preliminary even to this is the determination as to whether he has fulfilled the condition of his right by surrendering the vessel and her pending freight or by giving a stipulation of proper value."* (Italics mine.)

In the last cited case there was no res, so the opinion is not otherwise in point.

■ The interrogatories here in question call for information in support of the respondent's allegations as to the value of the vessel for which stipulation is to be given, which is preliminary to the other issue, and are proper. The Santiago (D. C.) 21 F.(2d) 78; La Bourgogne (D. C.) 104 F. 823; The Commonwealth (D. C.) 11 F.(2d) 284; The City of Taunton (D. C.) 11 F.(2d) 285.

Under the present admiralty rules, the courts have been much more liberal in sustaining interrogatories. The F. G. M. No. 22 (D. C.) 50 F.(2d) 269; The Santa Teresa (D. C.) 21 F.(2d) 77; Jensen v. Sinclair Nav. Co. (D. C.) 58 F.(2d) 407, 408; The Coddington (D. C.) 1 F.(2d) 326, 327; The Hendrick Hudson (D. C.) 1 F. Supp. 220.

■ While it is true that market value is the test, if it can be shown by proper evidence, other evidence is admissible to show value if no market value can, by proper evidence, be established; therefore the interrogatories propounded are proper, as they would furnish evidence under such conditions.

■ The court on the trial is the proper authority to determine whether the answers are admissible as evidence, and their legal effect. It is sufficient here if evidence to that effect would be admissible under any conditions that might reasonably arise.

The exceptions are overruled, without now determining their legal effect when the facts are ascertained, and the interrogatories must be answered.

Settle order on notice.