THE COAST TRANSIT NO. 2.

THE SOCONY NO. 105.

No. 14598.

District Court, E. D. New York.

Sept. 14, 1935.

Purdy & Purdy, of New York City, for libelant.

Louis Mead Treadwell, of New York City, for respondent.

MOSCOWITZ, District Judge.

This is a hearing on claimant-respondent's exceptions to the interrogatories propounded by libelant. Upon the argument all of the exceptions were disposed of with the exception of the first and second interrogatories, which read as follows:

"First. Annex to your answers to these interrogatories full and complete copies of all log books, log sheets, voyage records, trip sheets and any other document or documents made or kept by either those on board the barge 'Socony No. 105', or by any other persons, and which in any manner relate to the trip of the barge 'Socony No. 105' made on the morning of January 6, 1935, and to the cargo, if any, with which she was then laden."

"Second. Annex to your answers to these interrogatories true and complete copies of all deck and engine log books, log sheets, voyage records, trip sheets and bell books made or kept by those on board the respondent's tug, which had the barge 'Socony No. 105' in tow on the morning of January 6, 1935, or which were made or kept by any other persons, relating to the towage of the barge 'Socony No. 105' on the morning of January 6, 1935."

The libel alleges that the barge Socony No. 105 was in the vicinity of the place where libelant's barge was moored, and was in fact in collision with libelant's barge.

Libelant will be required to prove the identity of the colliding vessels. They claim that this is difficult by reason of the fact that the weather conditions were foggy.

The circumstances would seem to justify the propounding of the interrogatories in question. See The City of Taunton (D.C.) 11 F.(2d) 285, 1926 A.M.C. 143; The Forest T. Crosby (D.C.) 34 F.(2d) 719, 1929 A.M.C. 1742; The Dalzellace (D.C.) 10 F.Supp. 434, 1935 A.M.C. 469; The Henry S. Grove (D.C.) 287 F. 247, 1923 A.M.C. 366.

Exceptions overruled.

Settle order on notice.